77063, 77064. ALLISON et al. v. THE STATE.
(373 SE2d 273)

BIRDSONG, Chief Judge.
David and Everett Allison were tried jointly and bring these appeals from their convictions. On August 15, 1987, Special Agents Claude Nix, Jerry Scott and Dale Thomason of the Georgia Bureau of Investigation, and Special Agent Pete Conley of the Federal Bureau of Investigation, were monitoring a gathering of the Abate Motorcycle Club at Prater's Mill in Whitfield County. The Sheriff of Whitfield County had requested the assistance of the GBI and the FBI in monitoring this meeting which was expected to have in attendance members of the "Hell's Angels" and "Outlaws" motorcycle "gangs."

The agents were wearing exposed side arms and clothing which indicated their organization — FBI and GBI. At approximately 7:15 p.m. on the evening of August 15, 1987, agent Nix noticed three motorcycles had pulled off to the side of the road approximately one-half mile west of Prater's Mill. The officers pulled over to the side of the road adjacent to appellants, identified themselves, and asked if "they were having [any] difficulty." The three individuals, David Allison, Everett Allison and Larry Hudgins, responded that they were not having any difficulty. Agent Thomason recognized the Allisons as members of the "Outlaws" and "asked to see their colors . . . in other words, their leather jackets. They pulled those from their motorcycles and allowed Agent Thomason to look at them. There was also a pickax-type handle in a scabbard on the side of the motorcycle driven by Everett Allison." Agent Thomason inquired of Allison as to its purpose and was told there was no purpose, that it had been on the motorcycle a long time. Thomason then asked permission to search the person and motorcycles of the three individuals. Everett Allison responded that he had a pistol. Agent Nix asked him where it was and Allison said he was sitting on it. Agent Nix looked underneath the motorcycle seat and removed a .38 caliber semi-automatic pistol. The weapon had been fully concealed. At that time Everett Allison was arrested and a search made of his person and his motorcycle. A marijuana cigarette was found in his shirt pocket and cocaine and LSD tablets were found in his motorcycle bags. David Allison and Larry Hudgins were asked if they had any weapons and responded

negatively. A "pat down" of David Allison uncovered a "large Case pocketknife" in his jeans pocket. When it was removed a packet containing suspected amphetamine tablets was also found "along with that. . . ." David Allison was placed under arrest and a search of his motorcycle revealed a .38 caliber revolver and a pair of brass knuckles. It was stipulated at trial that the drugs found were marijuana, cocaine and LSD.

At trial, the appellants filed motions to suppress the evidence found during the searches. The trial court denied their motions. David Allison was convicted of one count of carrying concealed weapons — a .38 caliber revolver and one pair of metal knuckles. Everett Allison was convicted of one count of carrying a concealed weapon — a .38 caliber pistol, and three counts of violations of the Georgia Controlled Substances Act — possession of marijuana, cocaine, and LSD. The Allisons then filed these appeals. *Held:*

Appellants enumerate but one error — denial of their motions to suppress, contending the seizure and subsequent search were unconstitutional, not based on probable cause, and the seizure of the contraband was a product of an illegal arrest. We do not agree.

The GBI is charged with the obligations of "safeguard[ing] the lives and property of the public" and the "investigat[ion of] violations of the criminal laws of this state. . . ." OCGA §§ 35-2-32 (b) and 35-3-4 (b). In carrying out these duties, it was the judgment of the Sheriff of Whitfield County, the GBI and FBI that the meeting of the Abate Motorcycle Club, including attendance of the "Hell's Angels" and "Outlaws" motorcycle "gangs" warranted monitoring by local, state and federal law enforcement officials. This was a value judgment by an official charged with this responsibility.

It is in society's interest to deter unlawful conduct, and courts must balance this societal interest against the individual's right under the Fourth Amendment to be free from unreasonable searches and seizures. *United States v. Brignoni-Ponce*, 442 U. S. 873, 878 (95 SC 2574, 45 LE2d 607). The paramount public interest in law enforcement is substantial and justifies a minimal intrusion, short of seizure of the person, to question an individual regarding subject matter which piqued police suspicion. *Radowick v. State*, 145 Ga. App. 231, 236-237 (244 SE2d 346); *Scott v. State*, 253 Ga. 147, 149 (317 SE2d 830). Such suspicion must be reasonable and articulable. Id. A police officer, as well as other citizens, enjoys the liberty of addressing questions to other persons. And, the person questioned has the right to ignore the questioner and to walk away. *United States v. Mendenhall*, 446 U. S. 544 (100 SC 1870, 64 LE2d 497). The initial encounter here did not involve a seizure of the person, or an invasion of appellants' reasonable expectation of privacy. The appellants had stopped on their own accord. The officers stopped to offer assistance. Observa-

tion by an officer of a "pickax . . . handle," in plain view, in a scabbard on a motorcycle is sufficiently provocative to a law enforcement official monitoring a gathering of motorcycle clubs to establish reasonable and articulable suspicion of the officer to question its possessor of the reason for its presence at a motorcycle "gang" conclave.

Police officers are experts in the field of law enforcement and possess knowledge and expertise, both from training and experience, of which the ordinary citizen does not know or appreciate the significance. Courts should accord substantial deference to the determination of a police officer in matters of law enforcement in judgmental decisions of this type, which are based upon the officer's expertise and induce him to question the individual or investigate the circumstances which invite his intervention. Moreover, this court need not close its eyes to the obvious — it is well known that axe handles can be and are used as weapons, and when so used, are likely to produce death or serious bodily injury.

We find no fault with the officers questioning a member of the "Outlaws" motorcycle club, who is attending a meeting of motorcycle clubs, and is carrying a "pickax" handle in plain view which can be used in a manner to classify it as a deadly weapon. See *Miller v. State*, 174 Ga. App. 42, 45 (329 SE2d 252) (an arrow, jackhandle, and paddle can be used as a deadly weapon); *Banks v. State*, 169 Ga. App. 571 (314 SE2d 235) (a ceramic statue can be used as a deadly weapon); *Beard v. State*, 155 Ga. App. 654 (271 SE2d 906) (a broomstick can be used as a deadly weapon).

Further, the officer asked permission to search and was voluntarily told by the appellant that he possessed a revolver. The appellant's voluntary admission of possession of a deadly weapon per se provided for a limited intrusion under the seat of appellant's motorcycle. Such an intrusion at that point obviously was necessary for the protection of the officers. The revolver was concealed and justified the arrest of Everett Allison. A full search of his person and vehicle was authorized following his arrest. *Coley v. State*, 177 Ga. App. 669 (1) (341 SE2d 9); *State v. Hopkins*, 163 Ga. App. 141 (2) (293 SE2d 529).

The finding of a revolver on one appellant justified a pat-down of the other appellant which uncovered a knife, which also can be used as a deadly weapon. Suspected drugs were uncovered in the removal of the weapon, and possession of suspected drugs authorized the arrest of David Allison. OCGA § 17-4-20 (a). Following his arrest, a search of his motorcycle was authorized and the discovery of a revolver and metal knuckles was a product of a lawful search. The trial court did not err in refusing to suppress evidence unearthed during the search.

*Judgments affirmed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

Decided September 20, 1988.

*Marcus R. Morris*, for appellants.

*Jack O. Partain III, District Attorney, Lee R. Taylor, Assistant District Attorney*, for appellee.