## A96A1721. EDWARDS v. THE STATE.
(480 SE2d 246)

RUFFIN, Judge.

A jury found Oliver Edwards guilty of violating the Georgia Controlled Substances Act by possessing cocaine with intent to distribute. Edwards appeals his conviction, and we affirm.

Viewed in a light most favorable to uphold the verdict, the evidence showed that Officer Van Johnson observed Edwards operating a motorcycle on the sidewalks and in a playground area of Grady Homes. Edwards was driving "very fast" directly in front of apartment doors. Officer Van Johnson stopped Edwards and asked for his license and proof of insurance. When Van Johnson discovered that Edwards did not possess a proper class of license to operate a motorcycle, he placed Edwards under arrest for reckless driving and the license violation. After being arrested, Edwards told Officer Van Johnson that his insurance card was inside the small glove box on the motorcycle. Officer Van Johnson opened the glove box and discovered a medicine bottle containing 29 small packages of crack cocaine. Edwards testified he had recently purchased the motorcycle and was not aware of the pill bottle's presence inside the glove box.

1. In his first enumeration of error, Edwards contends the trial court erred in failing to grant his motion for continuance. Prior to trial, Edwards moved for a continuance so that he could attempt to locate a material defense witness. According to Edwards, the witness was the individual who sold him the motorcycle, and he could probably locate the witness by the next trial calendar. The court denied the motion for continuance.

Pursuant to OCGA § 17-8-25, "[i]n all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does not reside more than 100 miles from the place of trial by

the nearest practical route; that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; that the applicant expects he will be able to procure the testimony of the witness at the next term of the court; that the application is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness; and the application must state the facts expected to be proved by the absent witness." "Each of the requirements of OCGA § 17-8-25 must be met before an appellate court may review a trial judge's discretion in denying a motion for continuance based upon an absent witness. [Cits.]" *Vaughan v. State*, 210 Ga. App. 381 (1) (436 SE2d 19) (1993).

In the present case, Edwards failed to meet each of the requirements of OCGA § 17-8-25. Edwards failed to show the witness was subpoenaed, and he failed to show the witness resided within 100 miles of the place of trial. Accordingly, we cannot find that the trial court erred in denying Edwards' motion for continuance.

2. In his second enumeration of error, Edwards asserts the trial court erred by failing to give a charge on circumstantial evidence. While Edwards correctly points out that it is error for the trial court to fail to give a charge on circumstantial evidence, even absent a request, *where the case against the defendant is based entirely on circumstantial evidence* (see *Jones v. State*, 243 Ga. 584, 585 (1) (255 SE2d 702) (1979)), the present case was not based entirely on circumstantial evidence. "Because [Edwards] did not request a charge on circumstantial evidence, it was not incumbent upon the trial court to charge on the law of circumstantial evidence if the State's case rested on both direct and circumstantial evidence. [Cit.]" *Stubbs v. State*, 265 Ga. 883, 884 (2) (463 SE2d 686) (1995).

According to Officer Van Johnson, Edwards was alone on the motorcycle, and the individually wrapped pieces of cocaine were located in the motorcycle's glove box. In addition, Edwards admitted he was the owner of the motorcycle. In *Stubbs*, the Supreme Court held that the officer's testimony that a metal bar was located in the defendant's vehicle was *direct* evidence of the defendant's possession of the bar. Id. at 886-887. This is true even though the defendant claimed that a man he did not know threw some items in his car and ran off. Id. Likewise, in the present case, Officer Van Johnson's testimony that cocaine was located in the glove box of Edwards' motorcycle is direct evidence of Edwards' possession of the cocaine. This is true notwithstanding the fact that Edwards claimed he had recently purchased the motorcycle and did not know about the cocaine.

Since direct evidence of Edwards' guilt was presented, the trial court was not obligated to give the unrequested charge on circumstantial evidence. Id.

3. In his third enumeration of error, Edwards contends he was

denied his right to effective assistance of counsel. Specifically, Edwards argues his trial counsel was ineffective because he (1) failed to file any pretrial motions objecting to prejudicial and inadmissible evidence illegally seized from him and (2) failed to request a jury charge on circumstantial evidence. After a hearing in which trial counsel testified, the court determined that trial counsel was effective. We agree.

"In order to establish ineffectiveness of trial counsel under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984), appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. Unless a defendant makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable." (Citations and punctuation omitted.) *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). In addition, the trial court's determination that a defendant has not been denied effective assistance of trial counsel will be affirmed on appeal unless that determination is clearly erroneous. *Jones v. State*, 217 Ga. App. 722, 723 (2) (458 SE2d 894) (1995).

(a) Edwards has failed to show trial counsel was ineffective because he did not file any pretrial motions objecting to the cocaine's admissibility. "[I]t is clearly settled that the mere failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel." (Citation and punctuation omitted.) *Avans v. State*, 207 Ga. App. 329, 331 (3) (427 SE2d 826) (1993). "We will not presume a deficiency resulted merely from counsel's failure to file standard pretrial motions. For example, it is not deficient to fail to file a motion which is frivolous. [Cits.]" *Williams v. State*, 219 Ga. App. 167, 168-169 (2) (464 SE2d 404) (1995). Even if a deficiency did result from trial counsel's failure to file a motion to suppress, Edwards' burden "is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed. [Cit.] In this regard, [Edwards] relied upon the trial evidence and presented no additional evidence at the hearing on his motion for new trial. Based upon that evidence, a conclusion by the trial court that a motion to suppress evidence would not have been successful, that is, that [Edwards] had been afforded effective counsel was not clearly erroneous and must be upheld." *Quinn v. State*, 221 Ga. App. 399, 401 (3) (471 SE2d 337) (1996) (physical precedent only).

In this case, Edwards claims the cocaine should have been suppressed because he should not have been arrested for a mere traffic violation and because a vehicle search may not be made incident to the driver's arrest for a traffic violation. However, according to OCGA §§ 17-4-23 (a) and 17-4-20 (a), an officer may either physically arrest an offender for a traffic violation or issue a citation. See *Polk v.*

*State*, 200 Ga. App. 17, 18 (406 SE2d 548) (1991). Clearly Officer Van Johnson was authorized to arrest Edwards for the traffic violations. See also *Curry v. State*, 155 Ga. App. 829 (2) (273 SE2d 411) (1980).

After Edwards was arrested for failing to produce a valid driver's license for the motorcycle, the officer again asked him about proof of insurance. Edwards informed the officer that his insurance card was inside the glove box, at which point the officer opened the glove box to retrieve the insurance card and noticed the cocaine in plain view. According to the officer, he looked in the glove box for the insurance card rather than allowing Edwards to do so because Edwards was under arrest and "it's safety precaution to go into the glove box at that time due to the fact that there could be a possible weapon in there, small gun or knife."

"The Supreme Court has recognized that investigative detentions involving suspects in vehicles are especially fraught with danger to police officers." (Citations and punctuation omitted.) *Evans v. State*, 216 Ga. App. 21, 23 (2) (453 SE2d 100) (1995). Accordingly, "the officer was authorized to insure his own safety by first searching the [glove box]. While doing so, the officer found the . . . cocaine. . . ." *Fortson v. State*, 262 Ga. 3, 5 (2) (412 SE2d 833) (1992). In addition, following Edwards' arrest, a search of his motorcycle was authorized. See *Baxter v. State*, 188 Ga. App. 598 (2) (373 SE2d 834) (1988); *Allison v. State*, 188 Ga. App. 460, 462 (373 SE2d 273) (1988) (physical precedent only). Because the search of the glove box occurred incident to Edwards' arrest, the cocaine was admissible.

Based on the evidence presented, Edwards has failed to demonstrate that the trial court clearly erred in finding that a motion to suppress would not have been successful. Accordingly, the trial court's finding that Edwards was afforded effective assistance of counsel must be upheld. See *Quinn*, supra.

(b) Additionally, Edwards has not established "a reasonable probability that the result of his trial would have been different had his counsel requested a charge on circumstantial evidence." *Barner v. State*, 263 Ga. 365, 368 (5) (434 SE2d 484) (1993). Accordingly, Edwards has not shown that trial counsel's failure to request this charge constituted ineffective assistance of counsel.

4. In his fourth enumeration of error, Edwards claims the evidence was insufficient to support his conviction. We disagree. Edwards stipulated to the admissibility of the Georgia Bureau of Investigation lab report showing that the substance seized by Officer Van Johnson tested positive for cocaine. Edwards further stipulated that Officer Van Johnson was an expert in law enforcement of drug cases, the packaging of drugs, and the street price of drugs, and testimony concerning the price and packaging of drugs was all admitted without objection. In addition, Edwards admitted that he was the

owner of the motorcycle. "Although [Edwards] testified he knew nothing about the cocaine, his credibility was a question for the jury." (Citations and punctuation omitted.) *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988).

The foregoing evidence, construed in a light most favorable to uphold the verdict, was sufficient to authorize a rational trier of fact to find Edwards guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 7, 1997 —
RECONSIDERATION DENIED JANUARY 23, 1997.

*Marshall W. Taylor*, for appellant.
*Lewis R. Slaton, District Attorney, William C. Akins, John C. Culp, Assistant District Attorneys*, for appellee.