A99A0137. EDENFIELD v. THE STATE.
(519 SE2d 452)

ANDREWS, Judge.

Randall Edenfield appeals from the denial of his motion for new trial following his conviction of burglary. Edenfield broke into the lumber yard of the Caribbean Lumber Company in Pooler, Chatham County, Georgia, and stole tools kept on the premises. Edenfield contends he was denied effective assistance of trial counsel because his attorney failed to file a motion to suppress evidence. We disagree.

A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. Here, [Edenfield] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel.

(Citation and punctuation omitted.) *Harper v. State*, 232 Ga. App. 224, 226 (2) (501 SE2d 591) (1998). "This Court will not presume a deficiency from the mere failure to file standard pretrial motions, including a motion to suppress." Id.; *Edwards v. State*, 224 Ga. App. 332, 334 (3) (480 SE2d 246) (1997). Rather, to establish a deficiency, Edenfield must make a strong showing that had the motion been filed, the evidence would have been suppressed. E.g., *Roberts v. State*, 263 Ga. 807, 809 (2) (e) (439 SE2d 911) (1994); *Sewell v. State*, 229 Ga. App. 685, 687-688 (a) (494 SE2d 512) (1997). He did not make that showing.

At the motion for new trial, Edenfield examined his trial attorney and submitted his trial transcript. Edenfield's attorney testified he chose not to file a motion to suppress the evidence of tools and a pair of binoculars police found on Edenfield's person because he believed the police had valid reasons for stopping, frisking, and searching Edenfield. The trial testimony of the arresting officer supports counsel's opinion.

At about 1:00 a.m., January 8, 1997, Corporal Stanley of the Pooler Police Department noticed a truck parked about 50 to 60 feet off Pine Barren Road near Caribbean Lumber Company as he was patrolling the area. The truck, which had not been there earlier in the day, was backed into a drive that led to a hunting trail. The trail was secured with a cable and signs that said: "Do Not Enter" and "no trespassing." After Corporal Stanley determined the truck was registered to Edenfield and had not been reported stolen, he continued on his way.

Three hours later, Corporal Stanley patrolled Pine Barren Road again and saw the truck was still there. He also saw two men walking along the wood line toward the truck. He had not seen the men walking beside the road as he patrolled the area before. Concerned that the truck had run out of gas and interested in offering his assistance, Corporal Stanley proceeded toward the truck. As he approached, Corporal Stanley turned on his take-down lights

because it was very dark. The area was not illuminated by street-lights. He noticed the men were wearing clothes that were wet and muddy, yet the area where they were walking was dry. Corporal Stanley asked the men what happened and asked where they had come from. The men identified themselves as Edenfield and Robert David Mixon and explained that some women picked them up at the truck earlier and took them to Randall's Nightlife, a club about four miles away, and that they had to walk back. When Corporal Stanley told the men that Randall's Nightlife had been closed for about a month, they changed their story and said they had been to Spanky's, but did not go in.

Corporal Stanley testified that these circumstances made him suspicious. Just as his backup was arriving, Corporal Stanley noticed a bulge beneath the chest area of Edenfield's shirt. Corporal Stanley patted the bulge and asked what it was. Edenfield, revealing a pair of binoculars, explained: "Oh, that's binoculars. I carry them with me everywhere I go."

Corporal Stanley told Corporal Schmitt, who had just arrived, that he was "getting conflicting stories" about what was going on. At that point, Mixon said he wanted to talk with Corporal Stanley privately. While Edenfield waited with Corporal Schmitt at the patrol car, Corporal Stanley stood aside with Mixon, frisked him for weapons, and found a pair of wire cutters in his back pocket. A piece of wire was still in the blade. Mixon then told Corporal Stanley that he could not "lie" and that he had "been in trouble with the law." Mixon said he and Edenfield had broken into the lumber yard and taken a set of tools. He showed Corporal Stanley where the tools were hidden, about 25 feet away in a swampy area in the woods. Corporal Stanley arrested Mixon and placed him in the patrol car. Corporal Stanley then searched Edenfield and found a pair of pliers, a socket, and a ratchet in his pockets. Edenfield argues these items should have been suppressed because Corporal Stanley had no legitimate reason to stop and question the men and no justification to search Edenfield.

Corporal Stanley was authorized to approach Edenfield and Mixon as they walked along the wood line toward the truck to determine whether the two were in trouble and needed help. Simply approaching Edenfield and Mixon and offering assistance did not constitute a "seizure" under these circumstances. See *Buchnowski v. State*, 233 Ga. App. 766, 767 (1) (505 SE2d 263) (1998). Further, because a reasonably prudent person would be warranted in believing his safety was in danger under the circumstances as they evolved — the late hour, Edenfield's and Mixon's muddy clothes, and the suspicious explanation of their whereabouts — Corporal Stanley was authorized to pat the bulge on Edenfield's chest to determine if it was

a weapon. See *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968); *Thompson v. State*, 230 Ga. App. 131, 132-133 (495 SE2d 607) (1998). Finally, after Mixon confessed to the burglary, implicated Edenfield, and revealed the location of the stolen tools, Corporal Stanley had probable cause to arrest Edenfield and to conduct a search of his person incident to the arrest. E.g., *Johnson v. State*, 258 Ga. 506, 507 (2) (371 SE2d 396) (1988); *State v. Sumlin*, 224 Ga. App. 205, 208 (4) (480 SE2d 260) (1997).

Because Edenfield failed to show that a motion to suppress would have been granted had one been filed, the trial court did not err in finding that trial counsel's representation of Edenfield did not amount to ineffective assistance of counsel. See *Roberts*, supra; *Sewell*, supra.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 21, 1999 —
RECONSIDERATION DENIED JUNE 1, 1999.

*Randall M. Clark, O. Dale Jenkins*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.