## A04A2088. HELTON v. THE STATE.
(609 SE2d 200)

MIKELL, Judge.

Donald Lemuel Helton appeals from a jury conviction for possession of methamphetamine with intent to distribute. In his sole enumeration of error, Helton argues that the trial court erred in denying his motion for new trial because the evidence was insufficient to support his conviction. We disagree and affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Helton] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

Viewed in this light, the evidence shows that at 2:30 a.m. on October 10, 1999, Sergeant Frank Sosebee of the Dawson County Sheriff's Office was patrolling the area of Amicalola Church Road and Georgia Highway 53 in Dawson County, when he noticed a car weave over the centerline. Sosebee decided to follow the car "and see how his driving behavior is." Sosebee briefly lost the car, but caught up to it a short time later when it ran into the rear of a dump truck. Sosebee pulled up next to the vehicle and testified that he observed the following:

> I saw Mr. Helton sitting behind the driver's wheel. I saw him get out, start around the back of the car, and then he went up to the right side of the car and eased up the side of it. During the whole time, he had his hands on his belly, stomach. At that time I exited my car. I saw him lean over

---

[1] (Citations and footnotes omitted.) *Haywood v. State*, 248 Ga. App. 210 (546 SE2d 325) (2001). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

toward the right front of the car. At that time I drew my weapon, pointed at him, and told him I needed to see his hands. . . . When [Helton] leaned over, I saw his hands move toward the grass, the sagebrush.

Helton then approached Sosebee and complained that his stomach hurt. Sosebee searched Helton and discovered four pocket knives. Sosebee next searched the area around Helton's car, where he located "[a]t the right front corner up there where Mr. Helton leaned over . . . [four] little corner [b]aggies, very small. Some of them [were] open. Some of them were still sealed up with little tie straps. There was a brown, whitish powdery substance. Some of them [were] little blocks, little bricks, they call it." Sosebee found the baggies "[e]xactly where [Helton] stuck his hands right there in the brush. . . . It was just right on the top of the mud laying underneath that sagebrush."

Sosebee testified that the four baggies weighed 17 to 22 grams; that he is an expert in marijuana identification; that he has had advanced drug training; that he has been a law enforcement officer for over 19 years; that he has made anywhere from 500 to 1,000 drug arrests; that 8 to 22 grams of methamphetamine would not be for personal use; and that 8.5 grams of methamphetamine would have a street value of $700. Sosebee further testified that he has tested "meth" and cocaine; that methamphetamine is made or "comes in bricks"; and that the evidence seized from the sagebrush outside Helton's car had the "coloration of meth." Deputy Chase Johns of the Dawson County Sheriff's Office arrived on the scene to assist Sosebee. Johns conducted a consent search of Helton's vehicle, but found nothing. After Helton was arrested, Johns conducted a pat-down search and discovered $2,788 in U. S. currency. During an interview, Helton told Investigator William Miller of the Dawson County Sheriff's Office that the money was his life savings, that he earned it from his previous job at the post office, that he planned to purchase a car with the money, and that he went to Pickens County around 10:00 p.m. the night before to look at a car.

Gretchen Hancock, a forensic scientist with the Georgia Bureau of Investigation, testified that she received two evidence bags containing several plastic bags with solid material in them, but tested only one of the evidence bags. The sample tested positive for methamphetamine, with a total weight of 8.7 grams.

Helton denied any knowledge of the drugs or placing anything in front of his vehicle. But, he acknowledged carrying $2,788 in cash that evening. He also testified that he left his house around 10:00 or 11:00 that evening to look at a car in Pickens County and that he walked directly toward Sosebee after exiting his vehicle.

a. Helton argues that the circumstantial evidence was not sufficient for the jury to convict him of possession of methamphetamine because it failed to exclude the reasonable theory that the bags containing the methamphetamine could have been left by another driver on the highway.

We disagree. The evidence presented at trial showed that Helton was the only individual on the scene besides law enforcement, that he acted suspiciously when exiting his vehicle, and that Sosebee found the bags of methamphetamine in the exact location where Helton had leaned over after exiting his vehicle.[2]

Further, although Helton denied any knowledge of the drugs, "[c]onflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve."[3]

Helton's reliance on *Jordan v. State*[4] and *Mitchell v. State*[5] is misplaced. In *Jordan,* the defendant was charged with possessing cocaine that was located outside his apartment in an unfenced common area, equally accessible by people other than the defendant.[6] In *Mitchell,* the defendant was charged with trafficking in cocaine that was located under the front passenger side floor mat of his girlfriend's car. In that case, our Supreme Court found "no presumption of possession" because the defendant, a passenger in the vehicle, did not own or control the car.[7]

Here, as mentioned above, Helton was the only person on the scene except for law enforcement. An equal access claim was argued, charged to the jury, and apparently rejected by the jury. Based on the evidence presented at trial, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Helton possessed methamphetamine.[8]

b. Helton claims that, even if the evidence was sufficient for the jury to convict him of possession of methamphetamine, the state failed to prove he intended to distribute it. Specifically, Helton argues

---

[2] See, e.g., *Chambers v. State,* 260 Ga. App. 48, 53 (2) (579 SE2d 71) (2003) (affirming conviction for possession of cocaine with intent to distribute where officers testified that they observed plastic bag of contraband drop from defendant's hand; that they observed defendant's hand make a downward motion; and that they observed neither of the other two individuals in the room make any motions or throw anything on the floor); *Henderson v. State,* 191 Ga. App. 275, 276-277 (1) (a) (381 SE2d 423) (1989) (affirming conviction for possession of marijuana where officer testified that he observed the defendant drop a plastic bag on the ground beside the driver's door of the vehicle as he exited the vehicle).

[3] (Citation and footnote omitted.) *Riddle v. State,* 267 Ga. App. 630 (1) (600 SE2d 709) (2004).

[4] 225 Ga. App. 424 (484 SE2d 60) (1997).

[5] 268 Ga. 592 (492 SE2d 204) (1997).

[6] *Jordan,* supra at 425.

[7] (Citation omitted.) *Mitchell,* supra at 593.

[8] *Jackson v. Virginia,* supra.

that officers found no drug paraphernalia on him or in his car; there was no evidence that the quantity of drugs found was consistent with distribution; and Sosebee was never qualified as an expert. We disagree.

To support a conviction for possession with intent to distribute, OCGA § 16-13-30 (b), the state is required to prove more than mere possession.[9] The state may show intent to distribute in many ways, including expert testimony that the amount of contraband possessed was inconsistent with personal use, evidence showing the manner of packaging, and the possession of certain amounts or denominations of currency.[10] Here, the evidence showed that the methamphetamine was divided into four small packages, with a total weight of over 8.7 grams, and that Helton had a large amount of cash in his pocket. Sosebee, an experienced narcotics investigator, testified that 8 to 22 grams was inconsistent with personal use.

We reject Helton's contention that Sosebee's testimony was insufficient because he was never qualified as an expert.

> It is well established that expert testimony is not necessary to identify a substance, including drugs. And even if police officers are not formally tendered as expert witnesses, if an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted.[11]

Although Sosebee was never tendered as an expert, the state laid the foundation for his expert testimony, and the trial court overruled defense counsel's objection to the opinions the sergeant gave based on

---

[9] See *Maddox v. State*, 227 Ga. App. 602, 603 (1) (490 SE2d 174) (1997).

[10] See *Way v. State*, 252 Ga. App. 9, 10 (1) (555 SE2d 230) (2001), citing *Bethea v. State*, 220 Ga. App. 800, 801-802 (1) (470 SE2d 328) (1996). See, e.g., *Nixon v. State*, 258 Ga. App. 343, 346 (2) (574 SE2d 404) (2002) (evidence authorized conviction for possession of cocaine with intent to distribute: four baggies of cocaine were found in the glove compartment of the defendant's car; the defendant had $3,256.50 in his possession in denominations of ones, fives, tens, twenties, fifties, and hundreds, even though he said he was unemployed; and a qualified law enforcement officer testified that the amount and packaging of the cocaine, and the amount and denominations of the currency, were consistent with possession of the cocaine for the purpose of distribution rather than personal use); *Maddox*, supra at 603 (evidence sufficient to support conviction of possession of methamphetamine with intent to distribute: methamphetamine was packaged in four separate, small plastic bags with a total weight of 4.3 grams and large bag of white powder, a syringe, and a vial of milky liquid were found in defendant's pocket); *Bowers v. State*, 195 Ga. App. 522 (1) (394 SE2d 141) (1990) (evidence that crack cocaine was packaged in four small plastic bags authorized jury to infer that defendant possessed crack cocaine with intent to distribute).

[11] (Citation, punctuation and footnote omitted.) *Bilow v. State*, 262 Ga. App. 850, 851 (1) (586 SE2d 675) (2003). See also *Lindley v. State*, 225 Ga. App. 338, 340-341 (1) (484 SE2d 33) (1997).

his experience as a narcotics investigator. The evidence was sufficient to authorize the jury to find beyond a reasonable doubt that Helton intended to distribute the drugs.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 12, 2005.

*Valpey & Parks, Leonard C. Parks, Jr.,* for appellant.
*Jason J. Deal, District Attorney, Lindsay H. Burton, Assistant District Attorney,* for appellee.