### A06A1591. KELLY v. THE STATE.
(636 SE2d 143)

ADAMS, Judge.

Following a trial by jury, Andrew Kelly was found guilty on two counts of driving under the influence of drugs (methamphetamine and amphetamine) and one count of driving under the influence of drugs to the extent that he was a less safe driver. He contends the evidence was insufficient to support the verdict and that the court erred by admitting his urine test result because the State failed to prove the chain of custody of the evidence. He appeals his conviction and the denial of his motion for new trial.

---

1. Construed in favor of the verdict, the evidence presented at trial shows that Kelly was pulled over for making a wide turn causing him to cross over into oncoming traffic. The evidence shows that after he was pulled over, his eyes were bloodshot and his pupils dilated; he talked extremely fast and mumbled; the officer found all six of the clues of intoxication on the horizontal gaze nystagmus test; his Romberg test results indicated that he was possibly under the influence of a stimulant; his pulse measured 130 beats per minute — in excess of a normal pulse; and his eyes and tongue had other manifestations of drug use. Kelly also told the officers that he had used methamphetamine earlier in the day or the night before. Finally, Kelly provided a urine sample that tested positive for methamphetamine, amphetamine, and ephedrine/pseudoephedrine. The officers opined that Kelly was under the influence of drugs to a degree sufficient to cause less safe driving. Their opinion was based on Kelly's erratic driving, his physical manifestations of impairment, and his performance on the field sobriety tests.

Given evidence that Kelly drove erratically, that he manifested signs of impairment, and that he had three drugs in his system, the evidence was sufficient to sustain the convictions. See, e.g., *Kimbrell v. State*, 280 Ga. App. 867 (1) (635 SE2d 237) (2006); *McClure v. State*, 273 Ga. App. 751, 753 (615 SE2d 856) (2005). The fact that the jury acquitted Kelly for improper turn and failure to maintain his lane is not controlling. The "inconsistent-verdict rule," involving jury verdicts of guilty and not guilty that are alleged to be inconsistent, has been abolished in this State. *Dumas v. State*, 266 Ga. 797, 799 (471 SE2d 508) (1996); *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986).

2. Kelly contends the State failed to prove the chain of custody for his urine sample and that therefore the test results should not have been admitted. Whether the chain of custody was adequately proved is reviewed for abuse of the trial court's discretion in admitting the evidence. *Johnson v. State*, 271 Ga. 375, 382 (13) (519 SE2d 221) (1999).

Kelly only challenges one purported link in the chain. After the sample was taken to a branch of the State Crime Lab in Macon, it was transferred to the Decatur branch for testing. Kelly points out that no evidence was introduced to show how or who transported the item between the two branches of the State Crime Lab. But, "[a]bsent affirmative evidence of tampering, a crime lab and all its branch offices and employees are considered as a single link in the chain of custody." (Citations and footnotes omitted.) *Maldonado v. State*, 268

Ga. App. 691, 693 (1) (603 SE2d 58) (2004).* Because no evidence of tampering was submitted, the trial court did not abuse its discretion.

Furthermore, the evidence showed that the sample container was marked for identification and sealed, and further sealed in a plastic evidence bag and box, which were also labeled and sealed. The box was then logged in and locked in a refrigerator. Another officer then carried the sample to the Macon branch of the State Crime Lab and logged it in and locked it up in an evidence locker. The log showed a bar code and identification number for the sample that matches the identification number on the plastic bag. Finally, the test results showed the same identification number for Kelly's sample.

"[W]hen [urine] samples are handled in a routine manner and nothing in the record raises a suspicion that the [urine] sought to be admitted is not the [urine] tested, the [urine] is admissible and 'the circumstances of each case need only establish reasonable assurance of the identity of the sample.' [Cits.]" *Stephens v. State*, 259 Ga. 820 (3) (388 SE2d 519) (1990).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 1, 2006.

Daniel K. Franck, for appellant.

Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General, for appellee.

---

* Citing *Givens v. State*, 214 Ga. App. 774, 775 (2) (449 SE2d 149) (1994) ("[s]ince there is no affirmative evidence of tampering, the trial court did not err in treating the Georgia Crime Lab as a single 'link' in the chain of custody for admissibility purposes") and *Whitfield v. State*, 217 Ga. App. 402, 404 (2) (457 SE2d 682) (1995) (test-results testimony from chemist in Savannah branch of State Crime Lab admissible even though some evidence showed specimen was originally received in the Augusta branch).

