## A06A2248. SMITH v. THE STATE.
### (638 SE2d 388)

MIKELL, Judge.

Johnny Smith was convicted of possession of cocaine with intent to distribute and was sentenced as a recidivist to 30 years. The trial court suspended 15 years of the sentence and ordered Smith to serve 15 years. On appeal, he challenges the sufficiency of the evidence. We affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Smith] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The [jury's] verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

So viewed, the evidence shows that at approximately 5:00 p.m. on April 19, 2002, special agent Dale Howell of the East Central Georgia Drug Task Force, who was then assigned to the Glennville Police Department, was patrolling the area of Highway 144 in the city limits when he detected a vehicle traveling 70 mph in a 45 mph zone. When Howell turned around to initiate a traffic stop, he observed the vehicle leave its lane and drive across a lane of oncoming traffic onto the grass at the side of the roadway. Howell also saw an object being ejected from the driver's side. The vehicle came back into its lane, and Howell stopped it shortly thereafter. Smith was driving, and he had a passenger, Nicholas Fillmore. After Smith and Fillmore were detained, Howell retrieved the object from the grassy area where it had been thrown. The object turned out to be two plastic bags containing cocaine and a prescription bottle containing Lorcet, or hydrocodone. Howell also recovered a total of $759.15 from Smith's person. The forensic chemist who tested the cocaine testified that the bags contained rock cocaine weighing 5.88 grams and 2.14 grams, respectively, for a total of 8.02 grams. Howell testified that each gram was worth approximately $100, and that based on his training and experience as a narcotics agent, the amount at issue would be intended for sale or distribution.

When Smith was arrested, Fillmore gave a statement to the police to the effect that Smith threw the drugs out the window. At trial, however, Fillmore, who was serving time on a felony conviction,

---

[1] (Citations omitted.) *Barnett v. State*, 275 Ga. App. 464-465 (1) (620 SE2d 663) (2005).

testified that he did not see Smith throw anything out the window. Fillmore testified that he threw the drugs out of the passenger side window and that Smith did not know that he had them.

Smith claims Fillmore's testimony rendered the verdict invalid as contrary to the evidence. However, Fillmore's testimony merely created a conflict in the evidence, and "conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve."[2] We find the evidence sufficient to show beyond a reasonable doubt that Smith possessed the cocaine and intended to distribute it.[3]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

## DECIDED NOVEMBER 2, 2006.

*Samuel G. Oliver*, for appellant.

*Tom Durden, District Attorney, Joe G. Skeens, Assistant District Attorney*, for appellee.

---

[2] (Punctuation and footnote omitted.) *Helton v. State*, 271 Ga. App. 272, 274 (a) (609 SE2d 200) (2005).

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Barnett*, supra at 466 (1); *Helton*, supra at 274-275 (a), (b).