A07A0313. HUBBARD v. THE STATE.

(646 SE2d 520)

RUFFIN, Judge.

A jury found Perry Hubbard guilty of possessing cocaine with intent to distribute; obstructing or hindering a law enforcement officer; driving without proof of insurance; driving with a suspended or revoked license; and possessing an open container of an alcoholic beverage while operating a vehicle. On appeal, Hubbard contends that he was denied his right to effective assistance of counsel in that his trial counsel: (1) failed to file a motion to suppress; (2) failed to object to the introduction of prior similar transaction evidence; and (3) failed to object when the State elicited his testimony that he had been convicted of involuntary manslaughter. We disagree and affirm.

Viewed in a light most favorable to the jury's verdict,[1] the evidence showed that on October 14, 1998, the Columbus Police Department was operating a traffic checkpoint. Several members of a citizen group — Carver Heights Against Drugs ("CHAD") — were observing the roadblock. Hubbard, who was driving a vehicle, did not immediately slow down as he approached the checkpoint. Police yelled, instructing him to stop, and one officer stepped in front of Hubbard's vehicle. As he approached, Officer Williams observed an open container of beer on the console in Hubbard's vehicle. Williams recognized Hubbard from a previous incident and recalled that he did not have a valid driver's license. The officer asked Hubbard to step out of the vehicle, and Williams observed Hubbard reach into his right pocket and withdraw his closed fist. The officer grabbed Hubbard's arm and an altercation ensued. With the assistance of additional officers, the police were able to remove Hubbard from the car, at which time Williams observed him transfer an object from his right hand to his left hand. While the police were trying to secure Hubbard's hands behind his back, they observed him toss an object under the vehicle. The police retrieved the object, a matchbox, which contained seven pieces of cocaine. One of the members of CHAD saw Hubbard throw the matchbox under his vehicle, and two others observed it under the vehicle.

---

[1] See *Reason v. State*, 283 Ga. App. 608 (642 SE2d 236) (2007).

Following his conviction, Hubbard filed a motion for new trial, arguing that his trial attorney was ineffective. After the hearing at which Hubbard presented the testimony of his trial counsel, the trial court denied the motion for new trial. In three enumerations of error, Hubbard challenges this ruling.

We will affirm a trial court's finding that counsel was effective unless it is clearly erroneous.[2] To establish ineffective assistance of counsel, Hubbard must show that trial counsel's performance was deficient and that the deficient performance prejudiced his defense.[3] "The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel."[4]

1. Hubbard contends that the roadblock was unconstitutional and that trial counsel thus should have moved to suppress the evidence seized. Hubbard bears the burden of establishing that he was prejudiced by his attorney's failure to file a motion to suppress.[5] To do so, he must "make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed."[6] As noted by Hubbard, the decision to implement a roadblock must be made by supervisory officers for an appropriate purpose to pass constitutional muster.[7] On appeal, Hubbard relies solely on the *absence* of evidence showing that a supervisor made the decision to implement the roadblock. But the State was not required to prove the constitutionality of the roadblock at trial as no challenge was made to it.[8]

Here, Hubbard produced no evidence at his motion for new trial to support his claim that the roadblock was unconstitutional. Under these circumstances, it would be sheer speculation for us to conclude that a motion to suppress would have been successful. Accordingly, Hubbard has not established prejudice, and the trial court did not err in denying his motion for new trial on this basis.[9]

2. Next, Hubbard contends that trial counsel was ineffective in failing to object to the admission of similar transaction evidence. This contention is without merit. Evidence of independent similar transactions is admissible where the State has shown an appropriate purpose for its admission, sufficient evidence that the defendant

---

[2] See *Edwards v. State*, 224 Ga. App. 332, 334 (3) (480 SE2d 246) (1997).

[3] See id.

[4] *Edenfield v. State*, 238 Ga. App. 362, 363 (519 SE2d 452) (1999).

[5] See *Edwards*, supra at 334 (3) (a).

[6] (Punctuation omitted.) Id.

[7] See *Giacini v. State*, 281 Ga. App. 426, 427 (1) (636 SE2d 145) (2006).

[8] See *Young v. State*, 225 Ga. App. 208 (1) (483 SE2d 636) (1997); *Brown v. State*, 218 Ga. App. 469, 471 (1) (462 SE2d 420) (1995).

[9] See *Young*, supra; *Brown*, supra.

committed the independent act, and a sufficient similarity between the crime charged and the independent offense, so that proof of the latter tends to prove the former.[10] We will uphold a trial court's determination that similar transaction evidence is admissible absent an abuse of discretion.[11]

After conducting a hearing pursuant to Uniform Superior Court Rule 31.3, the trial court allowed the State to introduce evidence of four independent acts which occurred on May 2, 1989, May 28, 1989, September 6, 1989, and July 17, 1998, respectively. In three of the transactions, Hubbard sold cocaine to an undercover officer. In the fourth, police observed Hubbard in the driver's seat of a vehicle from which they recovered marijuana and a small amount of cocaine. The trial court admitted evidence of each of the four independent acts to show intent and/or bent of mind.

Hubbard argues that evidence of the independent transactions was inadmissible because they were factually distinguishable from the present case. But "the independent act does not have to be identical in character to the charged offense if there is a sufficient connection between them."[12] In each of the four prior transactions, Hubbard either sold or possessed cocaine. Under these circumstances, the trial court did not abuse its discretion in admitting the similar transaction evidence.[13] Thus, Hubbard's argument that he received ineffective assistance of counsel on this basis fails, as "[f]ailure to raise a meritless objection cannot constitute ineffective assistance of counsel."[14]

3. In his final enumeration of error, Hubbard argues that his attorney was ineffective in failing to object to the State's line of questioning that ultimately led to his admission that he had spent time in prison for involuntary manslaughter. Pretermitting whether Hubbard's attorney should have objected to the line of questioning, we find it highly unlikely that this evidence altered the outcome at trial given ample evidence of Hubbard's guilt.[15] And in the absence of prejudice, Hubbard's ineffective assistance counsel argument fails.[16]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

---

[10] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991); *Drake v. State*, 274 Ga. App. 882, 883 (2) (619 SE2d 380) (2005).

[11] See *Drake*, supra at 883-884.

[12] (Punctuation omitted.) *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999).

[13] See *Slaughter v. State*, 282 Ga. App. 276, 279 (1) (638 SE2d 417) (2006); *Wells*, supra.

[14] (Punctuation omitted.) *Slaughter*, supra at 278.

[15] See *Harris v. State*, 279 Ga. 522, 527 (5) (615 SE2d 532) (2005); *Hargrove v. State*, 188 Ga. App. 336, 337 (4) (373 SE2d 44) (1988).

[16] See *Harris*, supra at 529 (6).

DECIDED MAY 18, 2007.

*William J. Mason,* for appellant.

*J. Gray Conger,* District Attorney, *Michael E. Craig,* Assistant District Attorney, for appellee.