## A08A0714. RAY v. THE STATE.
(665 SE2d 345)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court found Cecil Ray guilty of: (1) possessing cocaine with intent to distribute; (2) possessing a firearm during the commission of a crime; (3) giving a false name; (4) obstruction; (5) making a false statement or writing; (6) fleeing or attempting to elude; (7) driving without insurance; (8) operating a vehicle without a current registration decal; (9) improper use of a turn lane; and (10) failure to maintain lane.[1] Ray appeals, challenging the sufficiency of the evidence. He also contends that the trial court erred by interjecting itself in plea negotiations, permitting a law enforcement officer to testify as an expert, and admitting evidence over a chain of custody objection. Finally, he contends that he received ineffective assistance of counsel. As we find that Ray's claims of error lack merit, we affirm.

1. On appeal from his criminal convictions, Ray no longer enjoys a presumption of innocence.[2] Rather, we view the evidence in a light favorable to support the verdict, and we neither weigh the evidence nor determine witness credibility.[3] We will uphold the verdict so long as any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt.[4]

Viewed in this light, the evidence shows that in the early morning hours of July 10, 2004, Officer Gregory Martin of the Warner Robins Police Department was traveling eastbound on Watson Boulevard when he saw an SUV exit a parking lot and cross two lanes of traffic, swerving momentarily into a turn lane, before

---

[1] The trial court found Ray not guilty of driving without a license and entered an order of nolle prosequi on a charge of possession of a firearm by a convicted felon.

[2] See *Smith v. State*, 282 Ga. App. 255 (638 SE2d 388) (2006).

[3] See id.

[4] See id.

returning to the inside lane. Martin pulled behind the vehicle to see if the erratic driving continued, and the SUV again moved into the center turn lane, traveling eastbound. When the vehicle turned northbound, Martin turned on his lights and siren to stop the SUV, but the driver failed to stop. The vehicle turned again before suddenly stopping, and the driver exited the vehicle and fled on foot.

Martin chased the driver, apprehending him next to a flower bed. The driver, Cecil Ray, identified himself as "Eric Smith." Other officers responded to the scene, including Officer Danny Hicks. Hicks searched Ray incident to arrest and discovered a knife, a loaded pistol magazine, a razor blade, several hundred dollars in cash, and "a large amount" of crack cocaine with a street value of approximately $1,000. Martin then returned to search the flower bed where he apprehended Ray, and he found a handgun.

Ray was arrested and issued several traffic citations. He signed the citations, using the name "Eric Smith." When Ray was booked on the charges against him, he also signed the booking paperwork using this alias. The officers also checked the license tag of the SUV Ray had been driving and discovered that the vehicle was not covered by a valid insurance policy and that the license plate had expired. Based upon this and other evidence, the trial court found Ray guilty of possessing cocaine with intent to distribute; possessing a firearm during the commission of a crime; giving a false name; obstruction; making a false statement or writing; fleeing or attempting to elude; driving without insurance; operating a vehicle without a current registration decal; improper use of a turn lane; and failing to maintain lane. On appeal, Ray challenges the sufficiency of the evidence supporting these convictions.[5] We have reviewed the evidence, however, and find it sufficient to support his convictions.[6]

2. According to Ray, the trial court committed reversible error by becoming involved in plea negotiations. Specifically, Ray cites

---

[5] Although Ray purports to challenge the sufficiency of the evidence as to ten separate offenses, he neither lists any of the offenses in his argument section nor does he explain how the evidence was insufficient as to any particular offense. Rather, he merely recites the standard of review and generally challenges the sufficiency "as to all of the criminal and traffic charges in this matter." However, "[p]ursuant to Court of Appeals Rule 25 (a) (3), 'an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by' " our rules. *Jones v. State*, 289 Ga. App. 219, 221, n. 1 (656 SE2d 556) (2008). Thus, Ray has arguably abandoned his challenge to the sufficiency of the evidence.

[6] See *Helton v. State*, 271 Ga. App. 272, 274-275 (b) (609 SE2d 200) (2005) (possession with intent to distribute); *Allen v. State*, 286 Ga. App. 469, 470 (1) (649 SE2d 583) (2007) (possession of a firearm during the commission of a felony); *Harper v. State*, 285 Ga. App. 261, 263-265 (1) (a) (645 SE2d 741) (2007) (false name); *Daniel v. State*, 282 Ga. App. 291, 292 (638 SE2d 430) (2006) (failure to maintain lane, fleeing or attempting to elude a police officer, and obstruction); *Augustin v. State*, 260 Ga. App. 631, 632 (1) (580 SE2d 640) (2003) (no insurance); OCGA §§ 40-2-8.1 (registration decal); 40-6-123 (turn signal).

*McDaniel v. State*[7] for the proposition that a trial court's improper participation in the plea negotiation process may render a plea involuntary. Here, however, Ray did not plead guilty, and thus *McDaniel* is inapplicable.

In the same enumeration of error, Ray argues that the trial court also erred in "allowing the appellant to unadvisedly waive his right to a jury trial."[8] This argument is baseless. A trial court is charged with ascertaining whether a defendant's waiver of his right to a jury trial is both intelligent and voluntary.[9] This is best accomplished by a colloquy between the defendant and the trial court to ensure the defendant fully comprehends the right he is waiving.[10] Here, the trial court asked Ray, on the record, whether he fully understood that he had the right to a trial by 12 jurors and that, if he waived this right, the court would hear the evidence and the court alone would decide, based upon the evidence, whether Ray was guilty. Ray was then asked whether he nonetheless had decided to proceed with a bench trial and whether his decision was being made "freely and voluntarily," and Ray responded affirmatively. Under these circumstances, the record shows that Ray knowingly and intelligently waived his right to a jury trial.[11]

3. Ray contends that the trial court erred in permitting Martin to testify as an expert. In particular, Ray maintains that the trial court should not have permitted Martin to testify regarding "the distinctions between 'Possession of Cocaine' and 'Possession of Cocaine with Intent to Distribute.'" We find this argument lacks merit for several reasons. First, the State laid the foundation for Martin's testimony, and it was within the trial court's discretion to admit such evidence.[12] Second, the amount of drugs alone — over 13 grams in this case — is evidence of intent to distribute.[13] And third, Martin's testimony was cumulative of Officer Hicks' testimony, to which Ray failed to object. Thus, any alleged error provides no basis for reversal.[14]

---

[7] 271 Ga. 552 (522 SE2d 648) (1999).

[8] We note that this compound enumeration of error violates OCGA § 5-6-40, which requires that an appellant file "an enumeration of the errors which shall set out separately each error relied upon." We nonetheless address the error. See *Felix v. State*, 271 Ga. 534, 538-539 (523 SE2d 1) (1999).

[9] See *Alvarado v. State*, 271 Ga. App. 714, 717 (2) (610 SE2d 675) (2005).

[10] See *Brown v. State*, 277 Ga. 573, 574 (2) (592 SE2d 666) (2004) ("The trial court need only conduct an inquiry of the accused on the record so as to ensure that the waiver is knowing, voluntary and intelligent.").

[11] See id.; *Clarke v. State*, 287 Ga. App. 424, 425-426 (651 SE2d 525) (2007).

[12] *Alexander v. State*, 264 Ga. App. 34, 37 (2) (589 SE2d 857) (2003).

[13] See id.

[14] See *Zachery v. State*, 276 Ga. App. 688, 691 (2) (624 SE2d 265) (2005).

4. Ray also asserts that the trial court erred in admitting evidence of the crack cocaine because the State failed to properly establish the chain of custody. We review a trial court's ruling admitting such evidence for abuse of discretion.[15]

> The State has the burden to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State need not negate every possibility of tampering, and need only establish reasonable assurance of the identity of the evidence.[16]

Here, the evidence shows that, after arresting Ray, Officer Martin took custody of the drugs, completed the evidence card, sealed and packaged the drugs, and placed them in a sealed locker in the evidence room. After the sample was received, it was transferred from the Georgia Bureau of Investigation (GBI) laboratory in Macon to the GBI laboratory in Columbus because of staff shortages in Macon. In Columbus, the sample was tested by Matthew Simon, who testified that when he received the evidence, it was sealed in the evidence bag.

According to Ray, the lack of testimony regarding who transported the evidence from the police locker to Columbus rendered the evidence inadmissible. However, absent evidence of tampering, " 'mere speculative doubt as to the handling of evidence' " does not automatically require exclusion.[17] Furthermore, "absent affirmative evidence of tampering, a crime lab and all its branch offices and employees are considered as a single link in the chain of custody."[18] Under the circumstances of this case — where there was no evidence of tampering — we cannot say that the trial court abused its discretion in admitting the evidence.[19]

5. Finally, Ray contends that he received ineffective assistance of counsel. Specifically, he asserts that his attorney rendered ineffective assistance in failing to file a motion to suppress and in failing "to properly prepare and advise [Ray] as to his legal and constitutional rights."

To establish a claim of ineffective assistance, Ray must show both that his attorney's performance was deficient and that such

---

[15] See *Johnson v. State*, 271 Ga. 375, 382 (13) (519 SE2d 221) (1999).

[16] (Punctuation omitted.) *In the Interest of Q. M.*, 290 Ga. App. 607, 608 (1) (660 SE2d 3) (2008).

[17] *Johnson*, supra.

[18] (Punctuation omitted.) *Kelly v. State*, 281 Ga. App. 432, 433-434 (2) (636 SE2d 143) (2006).

[19] See id.

deficiency prejudiced his defense.[20] The test on appeal is whether there is a reasonable probability that the outcome of the trial would have been different absent error of counsel.[21] "We will affirm a trial court's finding that counsel was effective unless it is clearly erroneous."[22]

(a) "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion."[23] Here, Martin attempted to stop Ray's vehicle for failing to maintain its lane of traffic, which is a valid basis for making a traffic stop.[24] Under these circumstances, Ray is unable to show that the failure to file a motion to suppress prejudiced his defense, and this claim of ineffective assistance provides no basis for reversal.[25]

(b) To the extent that Ray broadly asserts that his attorney failed to properly prepare him and advise him of his rights, we note that, "[a]s a general rule, sweeping allegations of ineffective assistance with only the barest of reference to the record are insufficient to establish an ineffectiveness claim."[26] Although Ray contends that his attorney did not involve him in his investigation of the case and did not adequately prepare him for trial, he fails to show that he was harmed by any alleged shortcomings. Given the overwhelming evidence of Ray's guilt, we are unpersuaded by his suggestion "that he would have been exonerated of all charges" if only he had been better represented by counsel.[27]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 12, 2008 —
RECONSIDERATION DENIED JULY 9, 2008.

*Jeffrey L. Grube*, for appellant.
*Kelly R. Burke, District Attorney*, for appellee.

---

[20] See *Hubbard v. State*, 285 Ga. App. 450, 451 (646 SE2d 520) (2007).

[21] See id.

[22] Id.

[23] (Punctuation omitted.) *Hammett v. State*, 288 Ga. App. 255, 256 (2) (653 SE2d 852) (2007).

[24] See *State v. Slater*, 207 Ga. App. 669 (428 SE2d 676) (1993).

[25] See *Smith v. State*, 278 Ga. App. 315, 322 (5) (628 SE2d 722) (2006).

[26] (Punctuation omitted.) *Lawson v. State*, 280 Ga. App. 870, 873 (2) (c) (635 SE2d 259) (2006).

[27] See *Adams v. State*, 276 Ga. App. 319, 324 (6) (a) (623 SE2d 525) (2005).