# Court of Appeals
# of the State of Georgia

ATLANTA, November 20, 2012

*The Court of Appeals hereby passes the following order:*

**A13A0423. JOHNNY SMITH v. THE STATE.**

Johnny Smith was convicted of possession of cocaine with intent to distribute. We affirmed his conviction on appeal. *Smith v. State*, 282 Ga. App. 255 (638 SE2d 388) (2006). Smith later filed a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Custody," which the trial court denied. Smith appealed to the Supreme Court, which transferred the case here.

The denial of a motion to vacate a void sentence may be directly appealed if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Williams v. State*, 271 Ga. 686, 689 (523 SE2d 857) (1999). "A sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Smith does not argue that his sentence exceeded the bounds allowable under the law. Instead, he claims that irrelevant and prejudicial evidence was introduced at the sentencing hearing, that the trial judge acted vindictively, and that he should have been convicted of a lesser included offense. "[A]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void . . ." (Citation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010); see also *Jones v. State*, 278 Ga. 669 (604 SE2d 483) (2004).

Because Smith did not raise a colorable void sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction. See *Jones*, supra.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 11/20/2012
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*