A04A2128. THE STATE v. ALLEN.
(612 SE2d 11)

ADAMS, Judge.

Linda McCormick Allen was charged with speeding and driving under the influence of alcohol. Allen filed a motion to suppress evidence of the results of the state-administered Intoxilyzer 5000 breath test. The trial court granted Allen's motion to suppress and the State appeals.

The trial court relied on the following facts in granting the motion to suppress: At the time of her arrest, implied consent warnings were read to Allen, and she indicated she was uncertain whether she would consent to the state's test. Allen was then transported to the police station, where the test was administered. The officer did not read the implied consent notice a second time before administering the test, and Allen did not make any consensual statement prior to performing the test. Based on these facts, and relying on *Howell v. State,* 266 Ga. App. 480, 481-486 (1) (597 SE2d 546) (2004), the trial court found that the breath test sample was not validly obtained.

Allen argues that the trial court's order should be affirmed under both *Howell* and the recent case of *State v. Adams,* 270 Ga. App. 878 (609 SE2d 378) (2004). We disagree that these cases are controlling. In addition to the facts recited in the trial court's order, the following

facts are also pertinent here: The arresting officer testified at the motion to suppress hearing that Allen was transported to the jail after she indicated she was unsure whether she would take the state's test. The officer told Allen he would set up the Intoxilyzer and give Allen an opportunity to decide whether she wanted to take the test. The officer set up the Intoxilyzer and explained it to Allen after they arrived at the jail. He then asked Allen "Ma'am, it's time for me to get a breath sample. Do you want to?" The officer testified that Allen then stood up and blew into the machine.

This case is thus factually distinguishable from both *Howell* and *Adams*. In *Howell*, the defendant's initial refusal to consent to the state's test was unequivocal. Here the officer recalled that Allen responded "I have no idea if I will or not. I need to. I don't know." Moreover, in *Howell*, despite the defendant's initial unequivocal refusal, the arresting officer nevertheless instructed another officer to administer the test to Howell once they arrived at the police station. *Howell*, 266 Ga. App. at 481. Howell was placed in front of the machine and instructed to blow into it without being asked a second time whether he would consent to the test. Id. at 481-482. In contrast, in this case, the arresting officer did ask Allen a second time whether she wanted to take the test, and it is undisputed that he did not tell or instruct her to blow into the machine prior to asking her again whether she wanted to take the test.

*Adams* is somewhat closer factually to this case, but nevertheless distinguishable. In both *Adams* and the present case, the defendant's refusal was not unequivocal. However, in *Adams* but *unlike* in the present case, the officer did not ask the defendant a second time whether he would submit to the test once he was transported to the station; rather he proceeded just as the officer did in *Howell*. Adams was simply placed in front of the machine and instructed to blow into it. Under these circumstances, we once again concluded that this compliance could not be construed as consent, and thus the evidence of the breath test must be suppressed.

Moreover, the failure of the officer to repeat the implied consent warning before again asking Allen whether she wanted to take the test does not require suppression of the evidence in this case. There is no indication that Allen did not understand the notice when it was read to her, and no absolute requirement that the officer is required to repeat the notice in order for a consent obtained after an initial equivocation to be valid. *Howell*, 266 Ga. App. at 482-485. Rather, the proper inquiry in this case was whether the officer informed Allen of her rights in a timely fashion, and whether the officer's conduct in securing Allen's consent after her initial equivocation was fair and reasonable. Id. at 485. Based on the facts here, we conclude that Allen was informed of her rights in a timely manner, and that the procedure

the officer employed to gain Allen's consent was fair and reasonable. The trial court thus erred in suppressing the results of the state-administered breath test under the facts of this case.

*Judgment reversed. Ruffin, C. J., and Bernes, J., concur.*

DECIDED FEBRUARY 21, 2005 —
RECONSIDERATION DENIED MARCH 14, 2005 —

*Barry E. Morgan, Solicitor-General, Jessica K. Moss, Nell A. Pedigo, Assistant Solicitors-General*, for appellant.

*Moore, Ingram, Johnson & Steele, Victor P. Valmus*, for appellee.

Linda M. Allen, *pro se.*