## A05A0021. GOODMAN v. THE STATE.
### (613 SE2d 190)

JOHNSON, Presiding Judge.

A jury found Challas Goodman guilty of possession of marijuana with intent to distribute. Goodman's sole contention on appeal is that the trial court erred in denying his motion to suppress. We find no error and affirm Goodman's conviction.

Three principles guide our review of the trial court's findings of fact.

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to

---

[1] 264 Ga. App. 591, 591-594 (1) (591 SE2d 406) (2003).
[2] *Thurman v. Applebrook Country Dayschool*, 278 Ga. 784, 787 (3) (604 SE2d 832) (2004).

questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

The evidence adduced at the hearing on the motion to suppress shows that an officer observed Goodman make a lane change that resulted in him traveling too closely behind a large truck. Goodman does not contest the validity of his detention for following too closely. When the officer stopped Goodman, a recording device recorded and produced a videotape with sound of the entire traffic stop and search. This videotape shows that the officer approaches Goodman's car and asks for his license. The officer invites Goodman to step to the back of the car so the officer can explain why he stopped Goodman. He then explains the unsafe driving maneuver and tells Goodman he is going to give him a warning. The officer then asks Goodman about the "Beginner's Permit" Goodman gave him. Goodman explains that he lost his license but that the number is the same as the Beginner's Permit. The officer asks Goodman to "hang tight" while he checks on the license.

Subsequently, the officer rejoins Goodman and begins writing on a clipboard. While writing, he questions Goodman about where he lives and why he is in Georgia. A state trooper arrives. While still writing, the officer explains the problem police are having with drug transportation and asks if Goodman has anything illegal in his car. Goodman responds negatively. The officer then asks, "Would you have a problem if we took a quick search of the vehicle?" Goodman replies, "I don't care." The officer questions his answer, and Goodman again replies, "I don't care," extending his hands, palms upward. The officer asks the trooper to search while he writes a second citation.

The officer finishes the warning for following too closely and has Goodman sign the warning. During this time, the officer asks the passenger if he has a license, but he does not. The officer then asks Goodman if he knows anyone nearby because his South Carolina license had been suspended. The officer continues to write on his clipboard while Goodman's passenger calls someone to come and pick them up. Meanwhile, the trooper continues to search the car. When the trooper opens the trunk of the car, he draws his weapon and orders Goodman and his passenger to the ground.

Goodman contends he did not freely and voluntarily consent to the search of the car because the officers made him nervous, he was

---

[1] *Pruitt v. State*, 263 Ga. App. 814, 814-815 (589 SE2d 591) (2003); see also *State v. Mauerberger*, 270 Ga. App. 794 (608 SE2d 234) (2004).

not advised of his right to refuse consent, and he did not affirmatively consent to the search. We disagree and affirm the trial court's order denying Goodman's motion to suppress the marijuana discovered in the trunk of the car.

When determining the voluntariness of a person's consent, we must look to the totality of the circumstances, including factors such as the youth of the accused, his lack of education, his lack of intelligence, the length of detention, whether he was advised of his constitutional rights, the repeated and prolonged nature of any questioning, the use of physical punishment, and the psychological impact of all these factors on the accused.[2] No single factor is controlling, and advisement of the right to refuse is a consideration, but it is not determinative.[3] "Altogether, the role of filtering the wheat from the chaff in relation to the voluntariness of any consent belongs to the trial court."[4]

Here, Goodman testified that he is twenty-five years old, married, has three children, has had three years of college education, and, prior to his arrest, worked as an assistant manager of a Lowe's home improvement warehouse. While Goodman claims his consent was not voluntary, the videotape shows no hint of fear, intimidation, coercion or deceit. In addition, there was no evidence of a lengthy detention, and Goodman did not suffer any physical punishment. Although Goodman was not advised of his constitutional rights, the questioning was limited to his lack of a valid license, whether he had any drugs in the car, and whether he consented to a search of the car. This evidence, along with Goodman's comments that he "didn't care" if the officer searched his car, supports the trial court's ruling that Goodman consented to the search and that the consent was voluntary.[5]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 6, 2005.

*Wystan B. Getz*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

[2] See *State v. Bibbins*, 271 Ga. App. 90, 100 (3) (609 SE2d 362) (2004).
[3] Id.; see also *Martinez v. State*, 239 Ga. App. 662, 663 (522 SE2d 53) (1999).
[4] *Bibbins*, supra.
[5] See *Martinez*, supra; *Brantley v. State*, 226 Ga. App. 872, 873-874 (2) (a) (487 SE2d 412) (1997); *Ramsey v. State*, 183 Ga. App. 48, 50 (1) (357 SE2d 869) (1987).