A05A1385. BARNETT v. THE STATE.
(620 SE2d 663)

ANDREWS, Presiding Judge.

Following denial of his motion to suppress, Derrick Barnett was convicted at a bench trial of possession of cocaine with intent to distribute. He appeals, contending that the trial court improperly denied his motion to suppress; the evidence was legally insufficient; and that the trial court erred "by denying appellant a supersedeas bond pending his appeal." Finding no error, we affirm.

1. We first consider Barnett's second enumeration, attacking the sufficiency of the evidence.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Barnett] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The [factfinder's] verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and footnotes omitted.) *Haywood v. State*, 248 Ga. App. 210 (546 SE2d 325) (2001). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence was that, around 9:00 p.m. on September 26, 2003, Washington Police Officer Bridges, with his canine Boris, was on patrol in his marked canine unit when he saw a pickup truck operating with one headlight out. Bridges initiated a traffic stop and found Barnett driving the truck, with no passengers. Bridges asked Barnett for his driver's license and proof of insurance, which Barnett provided. Bridges then advised Barnett of the headlight problem and that Bridges was going to do an open air search around the truck with Boris. Barnett was told to stay in the truck with his windows up, for his safety, during this search.

Bridges then returned to his police vehicle and called in Barnett's license number so a Georgia Crime Information Center check could be conducted. While he was waiting for the results to be radioed to him, Bridges got Boris and went around the truck. Boris walked around the truck and alerted to the passenger's side door. At the time of Boris' alert, Bridges had not received the GCIC report on Barnett's license. As he was walking Boris back to the police vehicle to put him up, Bridges received this information, which showed nothing outstanding on Barnett. Under five minutes had expired by this point.

After putting Boris in the vehicle, Bridges returned to the truck and told Barnett the dog had alerted. Barnett said no search of him or the truck could occur, but Bridges advised him a search would occur and to get out of the truck. Barnett was patted down and Bridges found $888 in his left front pants pocket. Other officers arrived and the truck was searched. On the floorboard of the passenger side of the truck, Bridges found a popcorn bag half full of popcorn with a clear baggie containing a white powdery substance, which proved to be 13.94 grams of cocaine. The $888 consisted of two $100 bills, 23 $20, 12 $10, 15 $5 and 33 $1.

Investigator Nelson of the Washington police testified concerning his training and experience in investigating drugs both as a Washington police officer and as an Army military policeman. Tendered and recognized as an expert in investigation of narcotics, Nelson opined that the amount and denominations of currency were consistent with Barnett's dealing in drugs and that, in his experience, he had never known anyone to have 13.94 grams of cocaine for personal use. Generally, in his experience, cocaine users possessed less than a gram at a time for personal use. Also, according to Nelson, 13.94 grams of cocaine could be cooked into 130 to 150 rocks of crack for resale, giving a profit of $300. He opined that Barnett intended to sell the cocaine.

Barnett testified that he was not driving the truck that day, but had taken his car into the country where he fished all day, not returning to town until 8:00 p.m. He said others had access to the truck during that time and he denied any knowledge of the cocaine. Investigator Nelson, however, saw Barnett in town around 4:30 p.m., driving the pickup and hauling a fishing boat.

The evidence that Barnett possessed the cocaine with intent to distribute it was legally sufficient. *Helton v. State*, 271 Ga. App. 272, 274 (a) (609 SE2d 200) (2005).

2. Barnett's motion to suppress was premised upon his having been searched without a warrant or probable cause and its denial is claimed as error in his first enumeration.

On appeal from a denial of a motion to suppress, we construe the evidence in favor of the trial court's ruling, and the trial court's application of law to undisputed facts is subject to de novo review. *Jones v. State*, 253 Ga. App. 870 (560 SE2d 749) (2002). And "[w]here there is evidence to support the decision of a trial judge on motion to suppress evidence, that decision will not be disturbed on appeal." (Citation, punctuation and emphasis omitted.) *In the Interest of J. L. G.*, 209 Ga. App. 565, 566 (434 SE2d 126) (1993).

Observation of a traffic offense, such as driving with a defective headlight, gives an officer probable cause to make a traffic stop. *Jones v. State*, 259 Ga. App. 849, 851 (578 SE2d 562) (2003); *Rogers v. State*, 253 Ga. App. 863, 864 (1) (560 SE2d 742) (2002); *Roundtree v. State*, 213 Ga. App. 793, 794 (446 SE2d 204) (1994).

As set out in Division 1, there was no prolongation of the valid traffic stop to enable Boris to conduct his open air search around the truck. As recently reiterated by the United States Supreme Court, "the use of a well-trained narcotics-detection dog — one that 'does not expose noncontraband items that otherwise would remain hidden from public view,' [*United States v.*] *Place*, 462 U. S. [696,] 707 (103 SC 2637, 77 LE2d 110) [(1983),] — during a lawful traffic stop, generally does not implicate legitimate privacy interests." *Illinois v. Caballes*, 543 U. S. 405 (125 SC 834, 838, 160 LE2d 842) (2005).

Here, Barnett's traffic stop had not been concluded when Boris alerted to narcotics and the trial court properly denied the motion to suppress. E.g., *Byers v. State*, 272 Ga. App. 664 (613 SE2d 193) (2005); *State v. Bibbins*, 271 Ga. App. 90, 91 (1) (609 SE2d 362) (2004).

3. Barnett's third enumeration is that the trial court erred by denying his motion for supersedeas bond pending his appeal.

A review of the record, however, shows that the trial court considered the criteria in *Birge v. State*, 238 Ga. 88, 89 (230 SE2d 895) (1976), and granted a bond in the amount of $100,000, with nine conditions.

Also, as held in our order of April 21, 2005, ruling on Barnett's emergency motion to amend supersedeas bond, this Court is without jurisdiction to consider arguments regarding bail conditions because, pursuant to OCGA § 5-6-45 (c), such conditions are reviewable by the presiding judge of the trial court; the trial court's orders of March 18 and April 7, 2005, are not final judgments; and there are no certificates of immediate review of these orders under OCGA § 5-6-34 (b).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED SEPTEMBER 9, 2005.

*M. V. Booker*, for appellant.
*Dennis C. Sanders, District Attorney, William P. Doupé, Assistant District Attorney*, for appellee.

