S05G0689. BIBBINS v. THE STATE.
(627 SE2d 29)

HUNSTEIN, Presiding Justice.

After his arrest in Spalding County on various drug and traffic offenses, Stephen Ralph Bibbins filed a motion to suppress evidence found during the traffic stop of his vehicle. The record in this case reveals that at the hearing on Bibbins' motion, the parties presented no testimony, submitted no evidence and entered into no stipulations regarding the evidence. Instead, the parties argued over which of two lines of cases out of the Court of Appeals set forth the law applicable to the case. The trial court heard the argument but made no decision regarding the applicable law. Instead, the trial court stated that

because the legal issue "needs to be straightened out," it would "just make the decision and give y'all [interlocutory] appeal and let you take it up there [on appeal] and straighten it out." After defense counsel suggested that the parties "flip and see which one of us is going to have a head start going up" on appeal, the trial court instead decided it would "grant the motion to suppress and ask the State, please [to appeal] — because that way it's not interlocutory." The hearing concluded with the court and counsel all agreeing that although "it's an adversarial system . . . we're together wanting to know what the answers are" and that granting the motion would "be the way to do this" in order to obtain "definitive answers on all of it."

In their briefs to the Court of Appeals the parties "stipulated" to certain facts they agreed were "representative of the facts" that would be adduced at trial and presented their legal arguments premised upon the trial court's "grant" of the motion to suppress. The parties did not raise the procedural status of their case and the majority opinion rendered by the Court of Appeals makes no mention of it, instead attributing to the trial court legal conclusions that court did not make and undertaking its own review of the facts, including an assessment of evidence neither presented to the trial court nor included in the parties' stipulation on appeal. *State v. Bibbins*, 271 Ga. App. 90 (609 SE2d 362) (2004). Only one Court of Appeals judge, in a solo dissent, raised a "question" regarding the posture of the case on appeal. Id. at 108, 111 (5) (Adams, J., dissenting). Bibbins thereafter petitioned this Court for a writ of certiorari arguing that the Court of Appeals had "totally overlook[ed], misconstrue[d], and misapplie[d] certain facts contained in the record and controlling authorities which require a different result." Consistent with the parties' desire to have the legal issue "straightened out" on appeal, no question was raised by Bibbins in his petition regarding the posture of the case.

We granted the writ of certiorari and posed a question that focused exclusively on legal issues raised by the majority opinion in the Court of Appeals. However, as we have recently reiterated, "the posing of questions in no way limits this Court in its decision-making authority. Having the case before us, in its discretion this [C]ourt can consider any matter presented to or decided by the Court of Appeals. On certiorari, the case comes before us, not an isolated issue in the case." (Citations and punctuation omitted.) *Security Life Ins. Co. v. St. Paul Fire &c. Co.*, 278 Ga. 800, 801-802 (2) (606 SE2d 855) (2004). We now conclude that the case before us, as presented to the Court of Appeals, was fatally flawed and that the Court of Appeals erred by entertaining an appeal from a ruling in which no conclusions of law were made and no facts of any nature found by the trial court. Georgia appellate courts are not authorized to render advisory opinions as to

potential error. See generally *Height v. State*, 278 Ga. 592 (2) (604 SE2d 796) (2004); *State v. Adams*, 270 Ga. App. 878 (3) (609 SE2d 378) (2004). It is inappropriate to render an advisory opinion whether that opinion is sought directly or, as in the case here, sought indirectly by means of a ruling entered solely to obtain an appellate court ruling on a difficult area of the law. An appellate court should not reconstruct a legal basis for a trial court's ruling, consider unstipulated evidence never introduced in the trial court, or substitute itself as the initial finder of fact to reach an issue not properly before it, no matter how much confusion that issue has generated in the " 'real world.' " *State v. Bibbins*, supra at 91.

Accordingly, the judgment of the Court of Appeals is hereby reversed, the case is herewith remanded and the Court of Appeals is directed to vacate the trial court's order and remand this case for entry of a valid ruling on Bibbins' motion to suppress.

*Judgment reversed and case remanded with direction. All the Justices concur, except Carley, Hines and Melton, JJ., who dissent.*

HINES, Justice, dissenting.

As I believe that this Court should address the issue which prompted it to grant the writ of certiorari in this case, I respectfully dissent.

This Court is entrusted by the Constitution of this State with the power to review opinions of the Court of Appeals when they involve matters of gravity or great public importance. Ga. Const. of 1983, Art. VI, Sec. VI, Par. V. This is a power that should be approached solemnly, as the opinions of the Court of Appeals bind all courts of this State, excepting this Court. Ga. Const. of 1983, Art. VI, Sec. V, Par. III. When this Court exercises this solemn duty and grants a writ of certiorari, it poses one or more questions to the parties, and they are directed to address only that singular question or those questions in their briefs. Supreme Court Rule 45. In this case, this Court identified only one issue of gravity, and the only question directed to the parties was:

> Did the Court of Appeals err in holding that law enforcement did not violate the Fourth Amendment during a traffic stop by asking Appellant for consent to search prior to concluding the detention? See *Daniel v. State*, 277 Ga. 840 (2004).

Nonetheless, the majority has gone outside this question, outside the holding below, and outside the briefs, to avoid answering it.

The issue is an important one. Whether it is constitutional for a law enforcement officer to request permission to conduct a search of a vehicle when a driver is being detained is a question that, having

been posed, deserves an answer. The majority describes the act of answering this question as issuing an advisory opinion. But, the fact is that the trial court granted the motion to suppress based upon what was placed before it, and the Court of Appeals ruled, and reversed the trial court. Despite the majority's side-stepping the question, it remains, and the Court of Appeals continues to decide cases involving facts similar to those of *State v. Bibbins,* 271 Ga. App. 90 (609 SE2d 362) (2004). See, e.g., *Rosas v. State,* 276 Ga. App. 513, 517-518 (1) (c) (624 SE2d 142) (2005); *Barnett v. State,* 275 Ga. App. 464 (620 SE2d 663) (2005); *Salmeron v. State,* 273 Ga. App. 55 (614 SE2d 177) (2005); *Goodman v. State,* 272 Ga. App. 639 (613 SE2d 190) (2005). And, that Court, and trial courts, will continue to do so, but without any guidance from this Court.

The majority writes as though this Court was not aware of the state of the record when it granted the writ of certiorari, only discovering it lately. But that is not so; the matter was fully addressed by Judge Adams in his dissent to the Court of Appeals opinion. This Court's decision to grant certiorari was made in that context but the majority now casts aside this earlier decision as though it was a mere frivolity.

As "authority" for discarding this Court's grant of certiorari, the majority asserts that we should do so on a basis outside that encompassed in our certiorari question because we have previously recognized that

> the posing of questions in no way limits this Court in its decision-making authority. Having the case before us, in its discretion this [C]ourt can consider any matter presented to or decided by the Court of Appeals. On certiorari, the case comes before us, not an isolated issue in the case.

(Citation and punctuation omitted.) *Security Life Ins. Co. v. St. Paul Fire &c. Co.,* 278 Ga. 800, 801-802 (2) (606 SE2d 855) (2004). But, the majority ignores the very precedent upon which it claims to rely; it is stated that "this [C]ourt can consider any matter presented to or decided by the Court of Appeals." Id. No question concerning the procedural posture of the case was presented to the Court of Appeals, and no such question was decided by that Court. Further, in *Security Life Ins. Co.,* this Court fulfilled its constitutional duty, answered the question posed on certiorari, and only then addressed other issues raised by the parties. Here, the majority completely ignores the question posed, discarding the appeal on an issue that was not raised or briefed by either party. No doubt the parties will be surprised to learn that, after following this Court's direction to limit their arguments to a specific question, the appeal is "decided" on a separate

ground, one only now raised by the majority and one that completely fails to review anything contained in the opinion of the Court of Appeals.

Even on the ground the majority chooses, it does not correctly treat the appeal. A stipulation is " 'any agreement made by attorneys respecting business before the court.' " *McDaniel v. Oliver*, 172 Ga. App. 109, 110 (322 SE2d 1) (1984). Although counsel for the parties never formally announced a stipulation, examination of the transcript of the hearing on the motion to suppress reveals that counsel for each party was in complete agreement as to the facts, with the exception of whether Bibbins consented to a search.[1] The agreement as to the facts lacks only the inclusion of the word "stipulate," but the majority nonetheless rejects it, despite the legal definition. And having abandoned the existing definition, the majority gives no guidance regarding what it will allow to be considered a "stipulation" in the future.

The issue properly before this Court is whether, during a lawful detention, an officer may ask for permission to search a stopped driver's vehicle. The officer can. Bibbins was validly detained for a traffic violation. The law enforcement officer, before writing a citation and while still holding Bibbins's driver's license, asked him if he would consent to a search of his car for any contraband.[2] Doing so did not violate the Fourth Amendment of the Constitution of the United States. The issue is controlled by *Muehler v. Mena*, 544 U. S. 93 (125 SC 1465, 161 LE2d 299) (2005). That opinion specifically notes that police officers may ask a lawfully detained person for consent to search. Thus, as Bibbins was lawfully detained, the request to search did not violate the Fourth Amendment, the Court of Appeals did not err in so ruling, and this Court should affirm that decision.

I am authorized to state that Justice Carley and Justice Melton join in this dissent.

DECIDED FEBRUARY 27, 2006.

*Virgil L. Brown & Associates, Ronald J. Ellington, Eric D. Hearn*, for appellant.

---

[1] As counsel recited the facts to the court, first one attorney would speak, then the other. Although they would at times speak over one another's words, the agreement on the facts is clear, and their recitation is peppered with comments such as: "Right"; "Okay?"; ". . . he's right up to that point" (i.e., whether consent was given); and ". . . at that point [the officer] had not written the ticket yet . . . ," eliciting the response "No, he hadn't."

[2] More detailed facts of the case can be found in the opinion of the Court of Appeals.

*Scott L. Ballard, District Attorney, Thomas J. Ison, Jr., Cindy L. Spindler, Assistant District Attorneys,* for appellee.