## A06A0306. STAPLETON v. THE STATE.
### (630 SE2d 769)

SMITH, Presiding Judge.

Following the denial of her motion to suppress and subsequent bench trial, Lauren Stapleton was found guilty of two counts of DUI, one count of failure to maintain lane, and one count of possession of an open container of alcohol while driving. Stapleton appeals, arguing that the trial court should have suppressed the breath test results and improperly allowed certain evidence in aggravation of punishment. We find no error and affirm.

At the bench trial, the parties stipulated to the facts presented at the hearing on the motion to suppress. Those facts show that an officer stopped Stapleton for a traffic violation. A second officer arrived and noticed the strong smell of alcohol coming from Stapleton's person and that Stapleton was unsteady on her feet. Stapleton was arrested and the first officer read her the implied consent notice asking Stapleton if she would consent to a breath test. When Stapleton responded that she did not understand the implied consent notice, the officer reread the notice. Stapleton then refused to take a breath test and was transported to the jail. At the jail, the second officer prepared the Intoxilyzer machine and asked Stapleton, "at this time would you like to take the State's test[?]" Stapleton then consented to take the breath test, which revealed blood alcohol content of 0.238 and 0.246 in two samples. The officer testified that it was his practice to give suspects another opportunity to take the State administered test when they refused on the scene.

1. In three enumerations, Stapleton contends that the court should have suppressed the Intoxilyzer results. "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review. [Cits.]" *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Stapleton argues that she refused to take a breath test, that she did not rescind that refusal, and that the officer was obligated to reread the implied consent notice before asking her a second time to take the breath test. "As with any procedure, the court must evaluate the officer's actions to determine if the officer acted reasonably in the situation and whether the procedure was applied in a fair manner." *State v. Highsmith*, 190 Ga. App. 838, 839 (380 SE2d 272) (1989). Although Stapleton clearly refused to take a breath test when asked at the scene, she rescinded that refusal by agreeing to take the test at the police station. No evidence was presented showing that the officer coerced or threatened Stapleton to take the test or that Stapleton was intimidated in any way by the officer's request. Under these circumstances, we cannot hold that the officer acted unreasonably when he again asked Stapleton to take a breath test following her initial refusal at the scene. See id.; compare *Howell v. State*, 266 Ga. App. 480, 482 (1) (a) (597 SE2d 546) (2004) (instructing suspect to blow into Intoxilyzer was unreasonable where suspect earlier refused to take a breath test and was not asked again whether he would consent).

In this case, the officer's failure to repeat the implied consent notice does not require suppression of the evidence. The proper inquiry is whether the officer informed Stapleton of her rights in a timely fashion and whether the officer's conduct in securing her consent was fair and reasonable. See *State v. Allen*, 272 Ga. App. 169, 170 (612 SE2d 11) (2005). Here, the officer timely informed Stapleton of her rights at the scene and there was no reason for the officer to believe that Stapleton did not understand the implied consent notice after reading it to her a second time. Because the officer did not act unreasonably in later securing Stapleton's consent to take a breath test, the trial court did not err in denying Stapleton's motion to suppress the breath test results.

2. Stapleton argues that the trial court erred in allowing the Intoxilyzer results into evidence without a sufficient foundation. Under OCGA § 40-6-392 (a) (1) (A),

[c]hemical analysis of the person's blood, urine, breath, or other bodily substance, to be considered valid under this Code section, shall have been performed according to methods approved by the Division of Forensic Sciences of the Georgia Bureau of Investigation on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose.

Here, the arresting officer testified that he was trained and certified to operate the Intoxilyzer 5000, and the trial court admitted the machine's inspection certificates. The officer testified further that the machine passed its own diagnostic test, appeared to be in good working order, and did not appear to have any parts missing. This evidence was sufficient to establish a foundation for the admission of the breath test results. See *Scara v. State*, 259 Ga. App. 510, 512-513 (1) (577 SE2d 796) (2003); *Gidey v. State*, 228 Ga. App. 250, 251-252 (1) (491 SE2d 406) (1997).

3. Stapleton argues that during the sentencing hearing, the court improperly allowed certain evidence in aggravation of punishment. She contends that the court erred in considering a previous DUI for which she was not arrested or convicted, and erred in allowing hearsay statements made by her ex-husband.

During sentencing, the State discussed Stapleton's two prior DUI convictions and a third DUI incident for which Stapleton was not arrested. Stapleton objected to "any evidence coming in that's not a conviction." The trial court responded, "All right," and the State continued to explain that it would have presented the third incident as a similar transaction at a hearing on the subject. Whether the trial court made a ruling on Stapleton's objection is unclear, and the transcript does not reveal whether the trial court considered this third DUI incident in determining Stapleton's sentence. Cf. *Adams v. State*, 263 Ga. App. 694, 696 (2) (589 SE2d 269) (2003). Stapleton's argument therefore fails.

Stapleton also argues that the court erroneously allowed into evidence hearsay statements from her ex-husband. The State commented during sentencing, "I think there's a lot of concern from family members and her ex-husband." Stapleton objected, and the ex-husband's statements were never presented. We see no error here.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED APRIL 13, 2006 —
RECONSIDERATION DENIED MAY 11, 2006 — ▅▅▅▅▅▅▅

*McFarland & McFarland, Robert P. McFarland, Jr.*, for appellant.

*Lee Darragh, District Attorney, Lindsay H. Burton, Wanda L. Vance, Assistant District Attorneys*, for appellee.