A07A0656. FISCHER v. THE STATE.
(651 SE2d 432)

RUFFIN, Judge.

On October 11, 2002, Richard Fischer was arrested for driving under the influence and possessing less than one ounce of marijuana. On August 31, 2006, Fischer moved to dismiss the charges against him, asserting that the State's failure to timely try him violated his constitutional right to a speedy trial. The trial court denied the motion to dismiss. For reasons that follow, we vacate the trial court's order and remand.

The record reveals that Fischer was arrested on October 11, 2002, and he was immediately released on bond. However, the State did not file an accusation until March 26, 2004. Shortly thereafter, in July 2004, the State transferred the case against Fischer to its "dead docket." According to the order signed by the trial court, the transfer was needed because "[t]he investigator in this case, Leon Millholland, is on active duty in Iraq." In June 2006, the case was returned to the active docket because it "appear[ed] that the investigator [was] back from Iraq."

Upon discovering that the case had been placed on an active trial calendar, Fischer filed a plea in bar, seeking dismissal of the case based upon a violation of his constitutional right to a speedy trial. A hearing was held during which the attorney for the State reiterated that the case had been dead-docketed as a result of the investigating officer's deployment to Iraq and that the officer had since returned. Fischer's attorney, on the other hand, argued that the investigator's

absence should not have delayed the case since there were other officers present at the arrest and that other officers performed the intoxilyzer test and discovered the marijuana. Following the hearing, the trial court denied the motion. Although the trial court apparently found the four-year delay presumptively prejudicial, it found the State was justified in its delay. Fischer appeals this ruling.

1. As a threshold matter, we must address whether the absence of any testimony at the hearing undermines the trial court's factual findings. In *Bibbins v. State*,[1] the Supreme Court reversed a ruling by this Court where no evidence was tendered at the hearing. In that case, the attorneys argued facts before the trial court, but did not present testimony or expressly state that the facts had been agreed upon.[2] Although this Court addressed the appeal on its merits, the Supreme Court ruled that an appellate court should not "consider unstipulated evidence never introduced in the trial court."[3] Accordingly, to the extent that the facts in this matter stemmed solely from arguments made by counsel, we are unable to consider them as a basis for the trial court's ruling.[4]

2. Next, we address Fischer's claim that the trial court erred in denying his motion to dismiss. In analyzing a defendant's claim that his constitutional right to a speedy trial has been violated, the trial court must balance the following factors: "(1) the length of the delay; (2) the reasons for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant."[5] No single factor in this balancing inquiry is dispositive.[6] We review the trial court's ruling for abuse of discretion.[7]

(a) *Length of the delay.* "The relevant time period in a [constitutional] speedy trial claim begins with the *earlier* of the date of indictment and the date of arrest."[8] Given the October 2002 arrest date, the delay in this case was approximately four years. "As a general rule, any delay approaching a year raises a threshold presumption of prejudice."[9] Thus, the trial court was authorized to apply

---

[1] 280 Ga. 283, 283-285 (627 SE2d 29) (2006).

[2] We note, however, that in *Bibbins* there appeared to be no dispute as to the facts and the parties stipulated to the facts in their briefs to this Court. See id. at 284.

[3] Id. at 285.

[4] See id.

[5] (Punctuation omitted.) *Christian v. State*, 281 Ga. 474, 475-476 (2) (640 SE2d 21) (2007).

[6] See id.

[7] See *Bryant v. State*, 265 Ga. App. 234, 235 (593 SE2d 705) (2004).

[8] (Citation omitted; emphasis in original.) *Williams v. State*, 277 Ga. 598, 599 (1) (a) (592 SE2d 848) (2004).

[9] (Punctuation omitted.) *Parker v. State*, 283 Ga. App. 714, 716 (2) (a) (642 SE2d 111) (2007).

this presumption of prejudice, which then triggers analysis of the remaining three factors.[10]

(b) *Reason for delay.* The trial court essentially found the delay justified as it was countenanced by the lead investigator's service in Iraq. However, as discussed in Division 1, we question whether there is sufficient competent evidence in the record to justify this finding. Arguably, the trial court could have taken judicial notice of its previous orders.[11] Even so, the previous orders do not support the trial court's finding of fact. The trial court found that "[t]he reason for delay from July 29, 2004 to June 15, 2006 is the active military service of the State's investigating witness." But it is unclear when Millholland actually returned from Iraq. On June 15, 2006 — the date Fischer's case was placed back on the active docket — the State represented that Millholland was "back," but did not provide the date of his return. If the investigating officer returned months before Fischer's case was placed back on the active docket, it cannot be said that his military service justifies the delay. Finally, we note that Millholland's military service justifies only a portion of the delay. The trial court apparently did not account for the fact that the case was delayed an additional two years, and such unexplained delay must be treated as caused by the negligence of the State.[12]

(c) *Assertion of the right.* Although the State has a duty to bring a defendant to trial in an expeditious manner, a defendant has an obligation to assert his constitutional right to a speedy trial.[13] And a defendant's failure to meet this obligation can weigh heavily against him.[14] Fischer could have filed a constitutional demand for speedy trial at any time following his arrest, but did not do so until filing his motion to dismiss.[15] Accordingly, the trial court was authorized to weigh this factor against Fischer.[16]

(d) *Prejudice.* In evaluating whether a defendant has been prejudiced by a delay, we consider three interests that the right to a speedy trial is designed to protect: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the defendant; and (3) limiting the possibility of impairment to the defense.[17] "The

---

[10] See *Hardeman v. State*, 280 Ga. App. 168, 169 (1) (633 SE2d 595) (2006).

[11] But see *In the Interest of J. A. L.*, 284 Ga. App. 220 (1) (644 SE2d 162) (2007) ("In order to take judicial notice of any fact, the trial court 'must first announce its intention to do so on the record, and afford the parties an opportunity to be heard regarding whether judicial notice should be taken.' ").

[12] See *Parker*, supra at 716 (2) (b).

[13] See id. at 717 (2) (c).

[14] See id.

[15] See *Nusser v. State*, 275 Ga. App. 896, 899 (622 SE2d 105) (2005).

[16] See id.

[17] See *Frazier v. State*, 277 Ga. App. 881, 883 (d) (627 SE2d 894) (2006).

most important component of the prejudice factor is whether the delay has impaired [Fischer's] defense."[18] Here, Fischer was released on bond and there is no evidence that he experienced undue anxiety. Thus, the inquiry is limited to whether he was prejudiced by the delay.

On appeal, Fischer suggests he was prejudiced by the absence of witnesses who were passengers in his car when he was stopped by police. However, Fischer provided no evidence to support this assertion.[19] As Fischer bears the burden of offering specific evidence to establish prejudice, the trial court did not err in finding that he had not shown any impairment to his defense.[20] Nonetheless, given the absence of competent evidence explaining the delay and the trial court's failure to adequately address the reasons for the delay, we hereby vacate the order and remand for further proceedings consistent with this opinion.[21]

*Order vacated and case remanded. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JUNE 15, 2007 —<br>RECONSIDERATION DENIED JUNE 27, 2007.

*Banks & Stubbs, Rafe Banks III*, for appellant.
*Lee Darragh, District Attorney, Susan A. Beck, Assistant District Attorney*, for appellee.

