**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 17, 2015**

# In the Court of Appeals of Georgia

A14A2008. LESTER v. BUTLER.                                   DO-099

DOYLE, Presiding Judge.

Shirley D. Lester appeals from an order of the Superior Court of Athens-Clarke County affirming a decision by the Department of Labor's Board of Review ("Board"), which denied her application for unemployment benefits after her employer fired her when she refused to work on Saturdays because of her religious beliefs adopted after beginning employment.[1] Lester argues that the denial of her claim for unemployment benefits violated the Free Exercise Clause of the First

---

[1] We granted Lester's application for discretionary review. See OCGA § 5-6-35 (a) (1).

Amendment.[2] We agree, reverse, and remand this case for further proceedings consistent with this opinion.

> On appellate review of unemployment appeals, this Court does not sit as a fact-finding body, but rather one for the correction of errors of law. . . . When this Court reviews a superior court's order in an administrative proceeding, our duty is not to review whether the record supports the superior court's decision but whether the record supports the final decision of the administrative agency.[3]

So viewed, the record shows that in April 2011, Lester was hired by Goodwill of North Georgia, Inc., as a floor associate. In July 2011, she became a Seventh-Day Adventist and requested that she not be scheduled to work on Saturdays due to her religious beliefs. Goodwill responded that it could not guarantee Saturdays off, would not accommodate her request, and suggested that she find another employee to cover her Saturday shifts, provided that the substitute employee would not require overtime pay. In July and August 2011, Lester missed work on at least four Saturdays, and she was unable to find another employee to take those shifts.

---

[2] We note that Lester's employer did not file a brief on appeal.

[3] (Citations and punctuation omitted.) *Scott v. Butler*, 327 Ga. App. 457, 457 (759 SE2d 545) (2014).

Goodwill has a policy of terminating employees who accumulate 12 disciplinary "points" in a 12-month period. Each unexcused absence merits two points. Prior to becoming a Seventh-Day Adventist, Lester accumulated four points for absences resulting from her son's illness and her husband's court appearance. Her Saturday absences each resulted in two points. By August 20, 2011, Lester had accumulated 12 points, and Goodwill terminated her employment.

Lester filed a claim for unemployment benefits, which claim was denied by the claims examiner. Lester appealed that decision, and the Board hearing officer affirmed, determining that she was disqualified because her reasons for being absent "were personal in nature and within her control." The Board affirmed the ruling, and the superior court affirmed the Board's order. This appeal followed.

Lester argues that, pursuant to the First Amendment, she cannot be disqualified from unemployment benefits for exercising a genuine religious belief prohibiting her from working on Saturdays, relying upon several U. S. Supreme Court decisions, including *Hobbie v. Unemployment Appeals Comm. of Fla.*[4] In that case, Hobbie became a Seventh-Day Adventist after she began working for the employer.[5] When

---

[4] 480 U. S. 136 (107 SCt 1046, 94 LE2d 190) (1987).

[5] See id. at 138 (I).

3

Hobbie subsequently refused to work her scheduled Saturday shifts based upon her religious beliefs, she was fired.[6] After her claim for unemployment benefits was denied, Hobbie's case reached the U.S. Supreme Court, and the Court ruled in her favor, holding that the "disqualification of [Hobbie] from receipt of benefits violates the Free Exercise Clause of the First Amendment, applicable to the States through the Fourteenth Amendment."[7] The Court reiterated that

> [w]here the [S]tate conditions receipt of an important benefit upon conduct proscribed by a religious faith, *or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify [her] behavior and to violate [her] beliefs*, a burden upon religion exists. While the compulsion may be indirect, the infringement upon free exercise is nonetheless substantial.[8]

The facts of this case parallel those of *Hobbie*. Like Hobbie, Lester became a Seventh-Day Adventist after she began working for her employer, and her refusal to violate her religious beliefs by working on Saturdays led to her termination. Although

---

[6] See id.

[7] Id. at 139-140 (II).

[8] (Punctuation omitted; emphasis in original.) Id. at 141 (II), quoting *Thomas v. Review Bd. of Indiana Employment Security Div.*, 450 U. S. 707, 717-718 (III) (A) (101 SCt 1425, 67 LE2d 624) (1981).

4

the superior court observed that some of Lester's accumulated 12 points resulted from reasons unrelated to her religion, it is clear that she would not have been fired if she had not missed work on those Saturdays. In addition, although the superior court emphasized Lester's failure to find coverage for her scheduled shifts, the primary factfinder – the hearing officer – based its decision upon the fact that Lester changed her work availability after she took the job. Because this change was made based solely upon Lester's religious beliefs, her disqualification for unemployment benefits was prohibited by the First Amendment and controlling U. S. Supreme Court precedent.[9]

Thus, the superior court erred by affirming the denial of unemployment benefits to Lester. Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.

*Judgment reversed and case remanded. Miller and Dillard, JJ., concur.*

---

[9] See *Hobbie*, 480 U. S. at 139 (II); *Thomas*, 450 U. S. at 717-718 (III) (A); *Sherbert v. Verner*, 374 U. S. 398, 409-410 (IV) (83 SCt 1790, 10 LE2d 965) (1963).