**THIRD DIVISION
BARNES, P. J.,
BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 27, 2015**

# In the Court of Appeals of Georgia

A14A1915. THE STATE v. BARNES.

BARNES, Presiding Judge.

The State appeals from the order of the trial court granting Denise Barnes' motion to suppress the results of her state-administered breath test following her arrest for driving under the influence of alcohol to the extent it was less safe for her to drive ("DUI").[1] See OCGA § 40-6-391 (a) (1). The State contends that the trial court erred in finding that after being read the implied consent notice, Barnes had clearly refused to take the state-administered breath test and had not later rescinded her refusal. It further contends that the trial court erred in finding that Barnes did not rescind her refusal by voluntarily taking the breath test at the police station. For the reasons discussed below, we remand the case to the trial court for further proceedings.

---

[1] The trial court denied Barnes' motion to suppress regarding probable cause and whether the implied consent notice was properly given.

When reviewing a trial court's ruling on a motion to suppress, we apply the following principles:

> First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citations and punctuation omitted.) *Brown v. State*, 293 Ga. 787, 803 (3) (b) (2) (750 SE2d 148) (2013). To that end, "we owe no deference to the trial court's conclusions of law" and are instead "free to apply anew the legal principles to the facts." (Citation and punctuation omitted.) *Martin v. State*, 316 Ga. App. 220 (729 SE2d 437) (2012).

The record demonstrates that after midnight on August 30, 2012, a Peachtree City police officer initiated a stop of Barnes' vehicle after observing her vehicle "swerve to the right, almost striking the curb." While speaking to Barnes, the officer noticed that her eyes were red and glossy and the officer could "smell the odor of an alcoholic beverage coming from her breath." Barnes consented to performing field sobriety tests, and the officer also attempted to administer a portable breath test at the

2

scene but was unable to obtain a reading. Based upon the results of her investigation, the officer placed Barnes under arrest for DUI to the extent she was a less safe driver. At that point, the officer read Barnes the implied consent notice, and asked if she consented to a state-administered test of her breath.[2] Barnes told the officer that she did not understand, and the officer read her the notice a second time.

During the second reading of the implied consent notice, the officer misread the notice and stated that if Barnes "submitted to the test and the results indicated an alcohol concentration of *.0 grams* or more, her driver's license could be suspended for more than a year." At the end of the second reading of the notice, Barnes responded, "No, I thought I just did that." Another officer then explained that the

---

[2] The notice set forth in OCGA § 40-5-67.1 (b) (2) reads as follows:
Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?

3

portable breath test was different from the test referenced in the implied consent notice, and Barnes responded, "Oh, ok." The arresting officer testified at the motion to suppress hearing that she interpreted the "oh, okay" as Barnes' rescission of her refusal and acquiescence to the breath test. The officer testified that later at the police station before Barnes took the breath test she explained to Barnes that "this is the state administered test that you agreed to take" and Barnes had thereafter taken the test.

In its order granting Barnes' motion to suppress, the trial court found that Barnes had clearly refused to take a state-administered breath test and that she did not rescind the refusal by saying

> "Oh, okay," after an officer on the scene explained that this test was different than the portable breath test. . . . [T]he court finds that the words "Oh, okay" were not meant as a withdrawal of prior refusal[,]thus invalidating any test taken. From a review of the evidence in this case, the Defendant appeared to be confirming that the portable breath test was not the state administered test. By stating "Oh, ok", she merely confirmed that the two test[s] were not the same and did not consent to the state administered test.

The State argues that Barnes' statement "No, I thought I just did that" after she was read the implied consent notice was not a clear refusal to take the state-

administered breath test, but that even so, Barnes later agreed to take the test at the police station.

Even if a person has declined to submit to a state-administered test, officers are allowed to use "fair and reasonable" methods of persuasion to get them to rescind the refusal. *Howell v. State*, 266 Ga. App. 480, 485 (597 SE2d 546) (2004). In this case, upon being read the implied consent notice the first time, Barnes stated that she did not understand. The second time the officer read the notice and asked her if she would consent to the chemical testing, Barnes said "no, I thought I already did that." After a second officer explained the difference between the two breath test, Barnes only responded, "oh, okay." Later at the police station, prior to administering the Intoxilyzer 5000, the officer told Barnes that, "This is the card that I was reading to you, this is the state administered test that you agreed to take."

While the trial court concluded that the statement "oh, okay," was not a rescission of a prior refusal as a matter of fact, it neglected to analyze whether the officer may have reasonably interpreted the "oh okay" statement as a rescission and, whether the officer's statement at the station that, "this is the state administered test that you agreed to take," was reasonable and fair under the circumstances. "In considering whether a defendant *has rescinded* a refusal to submit to state-

5

administered testing, the trial court *must* evaluate the officer's actions to determine if the officer acted reasonably in the situation and whether the procedure was applied in a fair manner." (Emphasis supplied.) *Howell v. State*, 266 Ga. App. at 484 (1) (a). "The proper inquiry in this case [is] whether the officer informed [Barnes] of her rights in a timely fashion, and whether the officer's conduct in securing [Barnes'] consent after her initial equivocation was fair and reasonable." *State v. Allen*, 272 Ga. App. 169, 170 (612 SE2d 11) (2005). See *Stapleton v. State*, 279 Ga. App. 296, 297 (1) (630 SE2d 769) (2006) (no evidence that officer coerced or intimidated the suspect by merely asking her whether she would take the breath test once they arrived at the jail after she had initially refused at the scene).

Accordingly, because it does not appear that, in considering whether Barnes rescinded her refusal, the trial court evaluated whether the officer's actions were reasonable and fair under the totality of circumstances, we remand the case for further proceedings consistent with this opinion.

*Case remanded with direction. Boggs and Branch, JJ., concur*.