# Court of Appeals
# of the State of Georgia

ATLANTA,  September 02, 2015

*The Court of Appeals hereby passes the following order:*

## A16D0016. COURTNEY KIRK FULLER v. THE STATE.

Courtney Kirk Fuller has a direct appeal pending before this Court, and he moved for a supersedeas bond in the trial court. The trial court granted bond. As a condition of bond, the trial court required that Fuller abstain from illegal drug and alcohol use and that he report to the Clayton County Probation Department for drug screens. Fuller filed a discretionary application from the bond order.

No provision of OCGA § 5-6-35 requires an application for discretionary appeal in order to appeal a supersedeas bond. The order, therefore, is directly appealable, and Fuller's application is hereby GRANTED. See OCGA § 5-6-35 (j). Fuller shall have ten days from the date of this order to file a notice of appeal with the Clayton County State Court, which is instructed to include a copy of this order in the appeal record transmitted to this Court.

Fuller also filed an emergency motion seeking a stay of the bond conditions, which he contends are unduly oppressive given his relative poverty and health issues. He also asserts that the Probation Office failed to provide relevant information to the trial court indicating that he does not require drug and alcohol testing.

Pursuant to OCGA § 5-6-45 (c), "[a]ny supersedeas bond may be reviewed by the presiding judge on the motion of defendant, prosecuting attorney, or on its own motion, and the court may require new or additional security, or order the bond strengthened, increased, reduced, or otherwise amended as justice may reasonably require." In other words, factual issues pertaining to conditions of bond are to be directed to the tribunal below. See *Barnett v. State*, 275 Ga. App. 464, 467 (3) (620 SE2d 663) (2005). This is so because the Court of Appeals "does not sit as a

fact-finding body, but rather one for the correction of errors of law." *Lester v. Butler*, 331 Ga. App. 223 (770 SE2d 303) (2015) (punctuation omitted). The issue this Court may decide is whether the trial court abused its discretion in imposing bail that is excessive as a matter of law. See *Jones v. Grimes*, 219 Ga. 585, 587 (134 SE2d 790) (1964); but see *Dudley v. State*, 230 Ga. App. 339, 341 (496 SE2d 341) (1998) (conditions of bond unrelated to underlying offense constituted excessive bond). For these reasons, Fuller's Emergency Motion is hereby DENIED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____09/02/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*